FILED

1    DARRELL ARCHER
2    POB 635
     Waverly, FL 33877          2016 OCT 31  PM 4: 17
3    dahardhat7@yahoo.com
     707-712-9768                  US DISTRICT COURT
4                              MIDDLE DISTRICT OF FLORIDA
                                   ORLANDO, FLORIDA
5

6

7

8              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
9

10

11

12

13   DARRELL ARCHER,              )  Case No.: 8:16cv3067-T-36AAS
                                   )
14              Plaintiff,         )  UNLIMITED CIVIL COMPLAINT FOR:
                                   )
15   vs.                          )  (1) Violation of the US Const.
                                   )      Fourth and
16   CITY OF WINTER HAVEN, WINTER  )      Fourteenth Amendments;
                                   )
17   HAVEN POLICE DEPT., WALMART   )  (2) Deprivation of Civil Rights
                                   )      Pursuant to:
18   INC., Winter Haven Police Dept. )     42 USC 1983;
                                   )
19   SGT. KEN NICHOLS # 438, in his )  (3) Conspiracy to Violate Civil
                                   )      Rights; 18 USC  241, 242;
20   individual and in his official )
                                   )  (4) State Law, Negligence
21   capacity; Winter Haven Police )
                                   )  (5) State Law, wrongful
22   Dept. SGT. DAN GASKIN # 456, in )      Imprisonment
                                   )
23   his individual and in his     )
                                   )  Supplemental   Jurisdiction
24   official capacity; Winter Haven )  Under 28 U.S.C. 1367(a)
                                   )
25   Police Dept. OFC. BRAD WEBSTER )  Declarative Relief Sought
                                   )
26                                 )      VERIFIED COMPLAINT
27                                 )
                                   )     JURY TRIAL DEMANDED
28   _____ )

                            Page 1

                          COMPLAINT

1   # 585, in his individual and in )
2                                   )
    his official capacity; **EDWARD**  )
3                                   )
    **CAMP,** in his individual and in )
4                                   )
    his official capacity; **CHARLES** )
5                                   )
6   **CARAWAY** in his individual    )
7   capacity and in his official    )
                                    )
8   capacity; **KRISTINE WOOD** in her )
9   individual and in her official  )
10                                  )
    capacity; Does 1-10, Inclusive. )
11                                  )
12          Defendants.             )
                                    )
13  _____)
14
15
16                  **I.  INTRODUCTION**
17
    1.      This is an action for relief and damages pursuant to
18
19  U.S.C. 42 § 1983, U.S.C. 18 § 241, the other allegations and
20  violations as listed above and possibly others that are
21  currently unlisted, based upon the past and ongoing violations
22  by Defendants of the rights secured to the citizens of the
23  United States, citizens of the City of Winter Haven, and the
24
25  Plaintiff in this action by the Fourth and Fourteenth Amendments
26  to the United States Constitution.
27
28

2.      Plaintiff has given all parties proper notice pursuant to Florida Statutes, 768.28, more than 6 months ago, as required, in the form of an Incident Report and Claim Form to which there has been no response.

3.      Plaintiff purchased a television at Walmart on the eve of November 26, 2015, paid for said television with his AMEX card at the checkout, proceeded out of the store, was stopped by a Walmart employee a few feet from the checkout requesting to see a receipt for the purchase. Plaintiff refused to produce said receipt knowing there is no law which requires him to do so.

4.      Plaintiff was then prevented from leaving the store by Walmart employees and Winter Haven Police. Winter Haven Police acting in concert with Walmart employees stole Plaintiff's television from him, told him he was not free to go and threatened him with a charge of THEFT. Plaintiff was allowed to leave after 10 to 15 minutes and in fact was told to leave and to not come back under threat of a charge of TRESSPASS.

5.      Defendants refused to return Plaintiff's television to him. Plaintiff left without the television he had paid for and

was followed out into the parking lot by two of the Winter Haven police.

6.     Plaintiff believes that Winter Haven P.D. was protecting the interests of a private enterprise (Walmart Inc.) while being paid by taxpayer dollars.

7.     Defendant's actions deprived Plaintiff of his property and his liberty, were executed without probable cause, without Due Process and under Color of Law with no legal authority, thereby denying Plaintiff of protection under state law and constitutional law.

*A state may not deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

8.     Plaintiff was treated differently than other citizens in that he was intentionally deprived of his personal property by defendants acting under color of law and that those Defendants were violating the laws they were sworn to uphold.

9.      Defendants acted unreasonably, illegally and without any rational basis for such action.

10.     Winter Haven Police Officers are well aware of the laws surrounding an incident such as this, yet chose to disregard those laws to Plaintiff's disadvantage.

11.     Plaintiff got no protection under the state laws.

12.     Defendant Police Officers violated their Oath of Office wherein they swore to uphold the U.S. Constitution and the Florida State Constitution and deliberately failed to do so in that they illegally detained Plaintiff and stole his property.

13.     This all occurred while Defendants were acting under color of law and in concert with each other.

14.     Plaintiff believes that Winter Haven P.D. officers and Walmart employees were acting under the mandate of Walmart Inc. to check customer receipts and to not allow a customer to leave if he did not produce a receipt.

COMPLAINT

15.    Defendants Nichols, Gaskin and Webster, trained members
of Winter Haven P.D, representing Winter Have P.D. and the City
of Winter Haven knew better than to steal a customer's property
without Probable Cause, yet willfully and maliciously did so and
should have known a customer is not required by law to produce a
receipt.

16.    Defendant Winter Haven Police Officers (trained in law)
knew there had to be Probable Cause prior to taking such action.


## II.  JURISDICTION


17.  This Court has jurisdiction over Plaintiffs' claims
pursuant to 28 U.S.C. § 1331 (because it arises under the
Constitution of the United States); section 1343(a)(3) (because
it is brought to address deprivations, under color of state
authority, of rights, privileges, and immunities secured by the
United States Constitution); section 1343 (a)(2)  (because it is
brought to recover damages for injury to a person or property,
or because of the deprivation of any right or privilege of a
citizen of the United States, by any act done in furtherance of
any conspiracy); section 1343 (a)(3)(because it is brought to
recover damages from any person who fails to prevent or to aid

COMPLAINT

in preventing any wrongs mentioned in 42 U.S.C. § 1985 which he had knowledge were about to occur and power to prevent;) and under section 1343(a)(4) (because it seeks to obtain equitable relief under an Act of Congress, specifically, under  42 U.S.C. § 1983, and the Declaratory Judgment Act (28 U.S.C. § 2201(a) and 2202). Plaintiffs also invoke the supplemental jurisdiction of this court, to consider claims arising under the laws of the State of Florida, pursuant to 28 U.S.C. 1367(a).

18.   Venue is proper in the United State District Court for the Middle District of Florida under 28 U.S.C. § 1391(b). Defendants are located in the Middle District and all the acts and/or omissions complained of herein have occurred or will occur in this District.

19.   Doe Defendants 1-10 are sued herein under fictitious names. Their true names and capacities are currently unknown to Plaintiffs. Upon knowledge, information and belief, each of the fictitiously sued Defendants and Defendants are responsible in some way for the allegations in this action and the damage complained of herein.

COMPLAINT

20.   At all times mentioned herein Defendants, and each of them acted under color of the laws of the State of Florida and/or local codes.

21.   At all times mentioned herein Defendants and each of them, separately and in concert, engaged in the illegal conduct herein described, depriving Plaintiff of rights, privileges, immunities, liberty and property secured to him by the Constitution of the United States (specifically the Fourth, and Fourteenth amendments), the laws of the United States and the laws of the State of Florida.

## VI. THE PARTIES

22.   Plaintiff Darrell Archer is a 68 year old Caucasian male, US citizen with proper standing and all of the rights and liberties secured to him by the U.S. Constitution.

23.   Defendant, City of Winter Haven is located in Polk County, Florida (hereinafter "Winter Haven") and is a "general law" city with the capacity to sue and to be sued and the controlling authority of Winter Haven Police Dept.

COMPLAINT

24. Defendant, Winter Haven Police Department is a Police Dept. for the city of Winter Haven, FL and is subject to the control of the city of Winter Haven, Fl.

25. Defendant, Walmart Inc. owns and operates a store in Winter Haven, (the store where said incident occurred) store # 3347.

26. Defendant, Sgt. Ken Nichols is a Winter Haven police officer.

27. Defendant, Sgt. Dan Gaskin is a Winter Haven police officer.

28. Defendant, Ofc. Brad Webster is a Winter Haven police officer.

29. Defendant, Edward Camp is a Walmart employee in a supervisory position. (Manager of the store)

30. Defendant, Charles Caraway is a Walmart employee.

COMPLAINT

31.   Defendant, Kristine Wood is a Walmart employee in a supervisory position.

32.   Doe Defendants 1-10 are sued herein under fictitious names. The true names and capacities are currently unknown to Plaintiffs. Upon knowledge, information and belief, each of the fictitiously sued Defendants and Defendants are responsible in some way for the allegations in this action and the damage complained of herein.

33.   Plaintiff is informed, and believes this court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because said claims arise under the U.S. Constitution § 1343(a)(3) because the claims are brought to address deprivations, under the color of state statute authority, of rights, privileges, and immunities secured by the United States Constitution; § 1343 (a)(2) because it is brought to recover damages for injuries to a person or property or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy; § 1343 (a)(3) (because it is brought to recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in 42 U.S.C. § 1885 which he/she had knowledge were

COMPLAINT

about to occur and power to prevent); and under § 1343(a)(4) (because it seeks to obtain equitable relief under an Act of Congress, specifically, under  42 U.S.C. § 1983, and the Declaratory Judgment Act (28 U.S.C. § 2201(a) and 2202). Plaintiff also invokes the supplemental jurisdiction of this court, to consider claims arising under the laws of the State of Florida, pursuant to 28 U.S.C. 1367(a).

34.   Plaintiff is informed, believes and alleges that venue is proper under 28 U.S.C. § 1391(b). Defendants are located in the Middle District of Florida and all the acts and/or omissions complained of herein have occurred or will occur in this District.

35.   Plaintiff is informed, believes and alleges that Defendants, and each of them acted under the color of local laws (City Laws) and under the State of Florida Laws.

36. At all times mentioned herein Defendants, representatives of the City of Winter Haven and Winter Haven Police Dept., sued in their official and personal capacity, and each of them were acting within the course and scope of their employment.

COMPLAINT

///

**FIRST CAUSE ACTION**

**VIOLATIONS OF FOURTH, AND FOURTEENTH AMENDMENTS TO THE U.S.**

**CONSTITUTION**

37.   Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-36 as though fully set forth again here in full.

38.   Plaintiff alleges that on November 26, 2015 Defendants illegally detained him without Probable Cause, reasonable suspicion or any legal authority while acting in concert and under color of law thereby violating Plaintiffs Civil Rights as guaranteed by the Fourth and Fourteenth Amendments and further violated USC 42, 1983.

39.   Plaintiff alleges that on November 26, 2015 Defendants stole Plaintiffs personal property (a newly purchased television) from him while acting in concert and under color of law thereby violating Plaintiffs Civil Rights as guaranteed by the Fourth and Fourteenth Amendments and further violated USC 42, 1983.

**COMPLAINT**

40.   Defendants, and all of them, because Plaintiff refused to show his receipt (which no law required him to do) treated Plaintiff as a thief with no reasonable reason to suspect him of thievery, threatened him with theft charges and with trespass charges all while defaming him and causing him considerable embarrassment in front of other Walmart customers.

41.   Defendants, with no probable cause accused Plaintiff of being a thief, stole his television, illegally detained him and threatened him with charges of theft and jail time, told him he was not free to go thereby causing Plaintiff to believe he was under arrest.

42.   Plaintiff had a reasonable expectation of privacy as all U.S. Citizens and Walmart shoppers do. Granted Plaintiff was in a public place, but he was still entitled to privacy as to his person, clothing, and possessions. The newly purchased television was in a cardboard box. Plaintiff believed he had a guaranteed right to feel safe and secure in his purchase and that right insured him that the television was his private property and as such he had no obligation to prove ownership of the property to anyone. Once the television was paid for it became the property of the Plaintiff, at that point in time if

Walmart thought it still their property the burden of proof was on them to prove it still theirs not on Plaintiff. Defendants acting in concert illegally seized Plaintiff's personal property and did so without probable cause, suspicion of guilt and without a warrant. Defendant's actions in the instant case as applied to Plaintiff violate the guarantee of his **Fourth Amendment right** which states:

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

43. Here Plaintiff was deprived of his private property and his liberty by Defendants acting under color of law, without any proof or any reasonable suspicion of Plaintiff's wrong doing and with absolutely no Due Process of law.(No warrant, no probable cause, no pre-deprivation hearing and no post deprivation remedy) Defendants' action against Plaintiff was completely unwarranted and violates his **Fourteenth Amendment right** which states in relevant part:

Section 1.  *No State shall make or enforce any
law which shall abridge the privileges or immunities of citizens
of the United States; nor shall any State deprive any person of
life, liberty, or property, without due process of law; nor deny
to any person within its jurisdiction the equal protection of
the laws.*

44.    Plaintiff was deprived of his property and liberty
(Illegally arrested) without Due Process of Law, (No warrant, no
probable cause, no hearing).

45.    Plaintiff as a member of a particular class of people,
namely U.S. Citizens and Walmart customers, was denied equal
protection of the laws of the State of Florida (common laws
which are in place to protect every citizen from theft and loss
of liberty by the police, corporations and other citizens) by
the very people employed to enforce the laws and to protect the
citizen. Winter Haven P.D. officers (Law enforcement officers)
and Walmart employees stole from Plaintiff, illegally detained,
arrested, threatened, intimidated him and separated him from his
property, deprived him of his liberty and caused him considerable
embarrassment.

46.  These policies, practices and actions by Defendants are in clear violation of the United States Constitution, the "Supreme Law of The Land" and the Florida Constitution section 2, 9, 12, and 23.

47.  All parties have been notified of the incident pursuant to Florida Statutes, 768.28

     Wherefore, Plaintiff prays for relief as set forth below for the negligent acts of Defendants.

///

### SECOND CAUSE OF ACTION

**DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 USC 1983**

48.  At all times mentioned herein Defendants and each of them were acting within the course and scope of their employment.

49.  Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-47 as though fully set forth again here in full.

50.   Defendants in this case have clearly violated the law of 1983 by violating Plaintiffs rights as secured to him by the Fourth and Fourteenth Amendments.

*1983. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.*

Wherefore, Plaintiff prays for relief as set forth below for the negligent acts of Defendants.

COMPLAINT

### THIRD CAUSE OF ACTION

**Violation of 18 U.S. Code § 241, 242; Conspiracy Against Rights and 42 U.S. Code § 1985(3)**

51.   At all times mentioned herein Defendants and each of them were acting within the course and scope of their employment.

52.   Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-50 as though fully set forth again here in full.

53. Defendants, and all of them, willfully and knowingly conspired to deprive Plaintiff of his right to liberty, his right to the protection of Probable Cause, his right to own property, his right to due process and his right to equal protection of the law and they wrongfully defamed him.

54.   As evidence to this statement and to prove the alleged violation, we need only to see that Defendants actually did what Plaintiff states that they did.

**I18 U.S. Code § 241 states in relevant part:**

*If two or more persons conspire to injure, oppress, threaten, or*

   *intimidate any person in any State, Territory, Commonwealth,*

*Possession, or District in the free exercise or enjoyment of any*

*right or privilege secured to him by the Constitution or laws of*

*the United States;*

   *They shall be fined under this title or imprisoned not more*

*than ten years, or both;*

**I18 U.S. Code § 242 Deprivation of rights under color of law**

   *Whoever, under color of any law, statute, ordinance,*

   *regulation, or custom, willfully subjects any person in any*

*State, Territory, Commonwealth, Possession, or District to the*

*deprivation of any rights, privileges, or immunities secured or*

*protected by the Constitution or laws of the United States, or*

   *to different punishments, pains, or penalties, on account of*

*such person being an alien, or by reason of his color, or race,*

   *than are prescribed for the punishment of citizens, shall be*

*fined under this title or imprisoned not more than one year, or*

   *both; and if bodily injury results from the acts committed in*

   *violation of this section or if such acts include the use,*

   *attempted use, or threatened use of a dangerous weapon,*

   *explosives, or fire, shall be fined under this title or*

*imprisoned not more than ten years, or both; and if death*

*results from the acts committed in violation of this section or*

*if such acts include kidnapping or an attempt to kidnap,*

*aggravated sexual abuse, or an attempt to commit aggravated*

*sexual abuse, or an attempt to kill, shall be fined under this*

*title, or imprisoned for any term of years or for life , or*

*both, or may be sentenced to death.*

**42 USC 1985(3) Conspiracy to Interfere With Civil Rights**
**In relevant part:**

*In any case of conspiracy set forth in this section, if*
*one or more persons engaged therein do, or cause to be done, any*
*act in furtherance of the object of such conspiracy, whereby*
*another is injured in his person or property, or deprived of*
*having and exercising any right or privilege of a citizen of the*
*United States, the party so injured or deprived may have an*
*action for the recovery of damages occasioned by such injury or*
*deprivation, against any one or more of the conspirators.*

55.   Defendants attempted to force Plaintiff to show his
receipt but Plaintiff steadfastly refused.

56.   Defendants, and each of them, conspired to deprive and did deprive Plaintiff of his Constitutional right to liberty by unlawfully detaining him and deprived him of his constitutional right to own property by stealing his television.

57.   Walmart employees stole Plaintiff's television while Winter Haven P.D. officers looked on with approval and on guard wearing the Winter Haven P.D. uniform with weapons. (Fire arms)(Stun guns)

58.   Defendants, and each of them, conspired to deprive Plaintiff of his constitutional right to liberty, to intimidate him by illegally detaining him, by illegally arresting him and threatening him with criminal charges and jail time thereby oppressing Plaintiff's civil rights and liberty.

59.   Defendants used their power as Police Officers (Police Officers should know what a citizen's constitutional rights are) working in a concerted effort with Walmart employees to accomplish these acts.

COMPLAINT

60.   All actions by Defendants were stemmed from the fact that Plaintiff exercised his legal right to not show his receipt for the television.

Wherefore, Plaintiff prays for relief as set forth below for the negligent acts of Defendants.

/ / /

**FOURTH CAUSE OF ACTION**

**STATE LAW NEGLIGENCE**

61.   At all times mentioned herein Defendants and each of them were acting within the course and scope of their employment.

62.   Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-60 as though fully set forth again here in full.

63.   Defendants stole Plaintiff's television which he paid approx. $160 for.

64.   Defendants illegally detained Plaintiff against his will.

**COMPLAINT**

65.   Defendants threatened Plaintiff with criminal charges and jail time.

66.   Defendants had no Probable Cause, reasonable suspicion, no warrant and no reason whatsoever for their actions against Plaintiff.

67.   Defendants had a duty to protect Plaintiff under the laws of the U.S. Constitution, the Florida Constitution and the laws of the State of Florida.

68.   Plaintiff is entitled to a safe shopping experience at Walmart and is entitled to protection of the Constitutional and Florida laws by the City of Winter Haven, Winter Haven P.D. and by Walmart.

69.   Plaintiff simply exercised his legal right to not show his receipt and for that exercise he was robbed, imprisoned, defamed and illegally arrested by Defendants.

70.   Defendants actions were grossly negligent, careless and malicious.

## FIFTH CAUSE OF ACTION

### WRONGFUL IMPRISIONMENT

71.  At all times mentioned herein Defendants and each of them were acting within the course and scope of their employment.

72.  Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-70 as though fully set forth again here in full.

73.  Defendants told Plaintiff he was "Not free to go" thereby causing Plaintiff to believe he was under arrest and imprisoned to the immediate area.

74.  Plaintiff was held there against his will for from 10 to 15 minutes while Defendants stole his television, threatened and defamed him.

75.  Defendants had no legal reason or legal authority to imprison Plaintiff.

COMPLAINT

76.   Plaintiff asked Police Officers if he was free to go and was told "No."

77.   During Plaintiff's imprisonment he was harassed and intimidated by Defendants with threats to charge him with theft, trespass, to lock him up, defamed him and caused him considerable embarrassment.

  See: Florida 787.02 False imprisonment;

            (1)(a) The term *"false imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will.*

                        ///

### PRAYER FOR RELIEF

  WHEREFORE, Plaintiff seeks relief from this Court as follows:

1.   For declaratory judgment that Defendants' policies, practices and conduct as alleged herein were/are in violation of Plaintiffs' rights as guaranteed under the United States Constitution;

2.   For the return of Plaintiffs' property or in the alternative, $160;

4.   For general damages in the amount $200,000;

6.   For punitive and exemplary damages for outrageous conduct and grossly negligent conduct to be determined in accordance with proof;

7.   For an award of punitive damages against all Defendants named in their individual capacity;

8.   For attorney's fees as provided by law and specifically Florida Statute 57.105 and 42 USC 1988;

9.   For an award to Plaintiff of pre-judgment interest from three date of filing at the maximum legal rate;

10.   For such other and further relief as the Court may deem just and proper.

/// 

**DEMAND FOR A JURY TRIAL**

**COMPLAINT**

**A JURY TRIAL IS DEMANDED on BEHALF of PLAINTIFF.**

DATED: October 24, 2016

Respectfully submitted by,

       Plaintiff,             Darrell Archer,

**VERIFICATION**

I, DARRELL ARCHER hereby declare, that I am the Plaintiff in this action. I have read and understand the foregoing allegations in this complaint. The matters stated herein are true and correct and are of my own knowledge except those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Dated: October 24, 2016

---

**Page 27**

**COMPLAINT**

By: _____
     Darrell Archer

COMPLAINT