**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DARRELL ARCHER,**

    **Plaintiff,**

v.                                                **Case No.: 8:16-cv-3067-T-36AAS**

**CITY OF WINTER HAVEN, et al.,**

    **Defendants.**
_____/

## **ORDER**

Before the Court is Defendant's Motion to Quash Service of Process on City of Winter Haven and Memorandum on Law ("Motion to Quash") (Doc. 15).

**I.  BACKGROUND**

On October 31, 2017, Plaintiff Darrell Archer, proceeding *pro se*, filed this action against Defendant City of Winter Haven (hereinafter, the "City") and others. (Doc. 1). On January 26, 2017, a process server served the City's Deputy City Clerk with the complaint and summons. (Doc. 21). In the Affidavit of Service, the process server indicated that the Deputy City Clerk stated that she was authorized to accept service for the City. (*Id.*).

On February 14, 2017, the City filed its Motion to Quash. (Doc. 15). The City contends that service of process upon the Deputy City Clerk does not confer personal jurisdiction over the City. (Doc. 15). No response to the Motion to Quash has been filed, and the time for doing so has expired.

## II.     ANALYSIS

Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). However, where service is "insufficient but curable," courts "generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Edwards-Conrad v. S. Baptist Hosp. of Florida, Inc.*, No. 3:13-CV-260-J-25MCR, 2013 WL 1365718, at *1 (M.D. Fla. Apr. 4, 2013) (citation omitted).

Federal Rule of Civil Procedure 4 governs service of a complaint and summons upon the initiation of a lawsuit. Federal Rule of Civil Procedure 4(j) provides, in pertinent part:

> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A)  Delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B)  Serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Here, Plaintiff's process server served the Deputy City Clerk. (Doc. 21). The Deputy City Clerk is not a "chief executive officer" of the City. In addition, the Deputy City Clerk is not a person designated under Florida law as a person who may receive service of process on behalf of a municipality. *See* Fla. Stat. § 48.111(1).[1]

As noted above, where service is insufficient, courts generally quash the service and give the plaintiff an opportunity to re-serve the defendant. *See Edwards-Conrad*, 2013 WL 1365718,

---

[1] Florida Statute § 48.111 provides, in pertinent part: "(l) Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which has a governing board, council, or commission or which is a body corporate shall be served: (a) On the president, mayor, chair, or other head thereof; and in his or her absence; (b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above; (c) On any member of the governing board, council, or commission."

at *1.  Therefore, the Court will allow Plaintiff an opportunity to properly serve the City.

### III.   CONCLUSION

Accordingly, after due consideration, it is **ORDERED:**

Defendant's Motion to Quash Service of Process on City of Winter Haven and Memorandum on Law (Doc. 15) is **GRANTED.**  Plaintiff has until **Wednesday, March 15, 2017**¸ to properly serve the City of Winter Haven.

**DONE AND ORDERED** in Tampa, Florida on this 1st day of March, 2017.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge