# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO:  8:16-cv-3067-CEH-AAS

**DARRELL ARCHER,**

    **Plaintiff,**

**vs.**

**CITY OF WINTER HAVEN,**
**WINTER HAVEN POLICE DEPT.,**
**WALMART INC.,**
**Winter Haven Police Dept. SGT. KEN NICHOLS #438,**
**in his individual and in his official capacity,**
**Winter Haven Police Dept. SGT. DAN GASKIN #456,**
**in his individual and in his official capacity,**
**Winter Haven Police Dept. SGT. BRAD WEBSTER #585,**
**in his individual and in his official capacity,**
**EDWARD CAMP, in his individual and in his official capacity,**
**CHARLES CARAWAY, in his individual and in his official capacity,**
**KRISTINE WOOD, in her individual and in her official capacity,**
**Does 1-10, Inclusive,**

    **Defendants.**

_____/

## DEFENDANTS' MOTION TO COMPEL
## BETTER RESPONSES TO REQUEST TO PRODUCT

**COME NOW** Defendants CITY OF WINTER HAVEN, SGT. DAN GASKIN, and

SGT. KEN NICHOLS, by and through undersigned counsel and pursuant to Federal Rule of

Civil Procedure 37, file this Motion to Compel Better Responses to Request to Produce, and state

as follows:

### BACKGROUND

Plaintiff alleges that on November 26, 2015, he purchased a television at a Walmart store.

[Doc. 32, ¶ 3].  As Plaintiff began to exit the store with the television he "was stopped by a

Walmart employee a few feet from the checkout requesting to see a receipt for the purchase."

[Doc. 32, ¶ 3]. Rather than simply comply with the request and show his receipt, Plaintiff admits

that he defiantly "refused to produce said receipt." [Doc. 32, ¶ 3]. He states that "because

Plaintiff refused to show his receipt" he was "treated…as a thief" and prevented from leaving the

store by Walmart employees and Winter Haven police officers. [Doc. 32, ¶¶ 4, 12]. However,

he alleges he "was allowed to leave after 10 to 15 minutes." [Doc. 32 ¶ 4]. Plaintiff is now

claiming false arrest and illegal detention against the Defendants. [Doc. 32, ¶ 43].

As a result of his alleged false arrest, Plaintiff seeks damages, which include emotional

distress, embarrassment, and mental anguish. (*See* Plaintiff's Amended Rule 26 Disclosures,

**Exhibit A**). Accordingly, Defendant served a Request to Produce to Plaintiff regarding his prior

arrests, lawsuits, and medical treatment. (*See* Request to Produce attached hereto as **Exhibit B).**

However, Plaintiff has groundlessly objected on the basis of relevance and provided woefully

inadequate responses. (*See* **Exhibit C**). Defendants seek better responses to Request Nos. 10,

11, 12, 14, 31, 32, and 34, as described below.

## MEMORANDUM OF LAW

A.   **Request to Produce number 10** requested the following:

> Any and all medical reports, opinions, or other written memoranda
> from doctors, nurses, and other medical practitioners and health care
> providers reflecting any and all care, treatment, or evaluation provided
> to DARRELL ARCHER for the last ten years.

Plaintiff responded:

> **Objection, irrelevant.**

Plaintiff claims mental anguish and emotional distress as a result of the subject incident.

[**Exhibit A**]. As such, Plaintiff is required to disclose his healthcare providers in order for the

Defendant to discover pre-existing conditions and also any treatment received as a result of the

subject incident. Defendants are entitled to a complete response.

B.     **Request to Produce number 11** requested the following:

> Any and all hospital records reflecting any and all care, treatment, or evaluation provided to DARRELL ARCHER for the last ten years, including outpatient records and emergency room records.

Plaintiff responded:

**Objection, not relevant.**

Plaintiff claims mental anguish and emotional distress as a result of the subject incident. **[Exhibit A].** As such, Plaintiff is required to disclose his healthcare providers in order for the Defendant to discover pre-existing conditions and also any treatment received as a result of the subject incident. Defendants are entitled to a complete response.

C.     **Request to Produce number 12** requested the following:

> Any and all reports, opinions, or other written memoranda from any and all psychiatrists, psychologists, psychiatric social workers, psychiatric nurses and mental health counselors reflecting any and all care, treatment, and evaluation provided to DARRELL ARCHER for the last ten years.

Plaintiff responded:

**Objection, not relevant.**

Plaintiff claims mental anguish and emotional distress as a result of the subject incident. **[Exhibit A].** As such, Plaintiff is required to disclose his healthcare providers in order for the Defendant to discover pre-existing conditions and also any treatment received as a result of the subject incident. Defendants are entitled to a complete response.

D.     **Request to Produce number 14** requested the following:

> Any and all photographs, videotapes, and/or audiotapes of the incident or the scene of the incident in this case.

3

Plaintiff responded:

> **CD provided by Winter Haven Police Dept. alleged to be a recording of the events taken by WalMart security cameras. Copy attached.**

Although Plaintiff states he attached the CD, no CD was attached. Defendants are entitled to a complete response.

E. **Request to Produce number 31** requested the following:

> Any and all court records or police reports reflecting any arrest or detention of the Plaintiff DARRELL ARCHER at any time.

Plaintiff responded:

> **Objection, not relevant.**

Plaintiff's objection is groundless. To the extent that Plaintiff allegedly suffered mental anguish and emotional distress as a result of his alleged arrest by Defendants, Plaintiff's prior arrests are directly relevant to the legitimacy of those damages. *See Bryan v. Jones*, 519 F.2d 44, 46 (5th Cir. 1975), *on reh'g*, 530 F.2d 1210 (5th Cir. 1976) (a plaintiff's mental anguish caused by an alleged false arrest "may be much less for the recidivist than for one incarcerated for the first time….Therefore, the fact of prior imprisonment is a consideration to the extent of mental suffering occasioned by the wrongful confinement."); *Lewis v. District of Columbia,* 793 F.3d 361 (D.C. Cir. 1986) (evidence of prior arrests is admissible to "measure the extent of any damages [that] proximately resulted from any wrongful actions of the defendant."); *Townsend v. Benya,* 287 F.Supp.2d 868, 874 (N.D. Ill. 2003) ("If Plaintiffs argue they were uniquely embarrassed by the April 4, 2002 arrest, then Defendant may introduce Plaintiffs' numerous prior arrests to diminish the impact of the particular arrest in question."). Therefore, Plaintiffs' prior arrests are clearly probative of the extent of mental anguish that he suffered in the subject incident as a repeat arrestee rather than a first time arrestee.

Further, to the extent that Plaintiff was subsequently arrested or incarcerated said evidence would demonstrate that it is the Plaintiff's decision to engage in illegal activity and become incarcerated unrelated to his alleged arrest in this case which contributed to his alleged damages of emotional distress, mental anguish, and embarrassment - not the subject arrest at issue here.

Moreover, evidence of subsequent arrests or detentions at stores for his same conduct of refusing to show a receipt would demonstrate Plaintiff's pattern, plan, motive or modus operandi of intentionally injecting himself into situations for the purpose of setting up a legal claim motivated by greed and other improper purposes. Indeed, Plaintiff filed suit in the case of *Archer v. Nugget Market, Inc. d/b/a Food 4 Less Grocery Store* as a result of a confrontation with a security guard at a grocery store. (**Exhibit D,** Docket).  Likewise, in *Archer v. Costco,* Plaintiff sued Costco after he refused to show his receipt upon request by the Costco employee.  (*See* **Exhibit E** – Complaint in *Archer v. Costco*; *see also* **Exhibit F** - online article).

And once again, in the subject case, Plaintiff refused to show his receipt to the Walmart employees and Defendant officers.  Accordingly, evidence of Plaintiff's arrests and detentions both before and after the subject incident constitute potential similar fact evidence admissible pursuant to Federal Rule of Evidence 404(b). Rule 404(b) states:

> **(b) Crimes, Wrongs, or Other Acts.**
> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident….

Here, Plaintiff has a demonstrated pattern and history of intentional confrontations with store employees resulting in him being detained or arrested tending to show his hand in planning,

staging and/or causing his alleged emotional distress from these encounters. His other arrests are also probative of his lack of any actual distress from these encounters purposefully executed in preparation of his numerous lawsuits. As such, the above Interrogatory regarding Plaintiff's other arrests is reasonably calculated to lead to the discovery of admissible evidence crucial to Defendants' defenses in this case. Defendants are entitled to a complete response.

F.      **Request to Produce number 32** requested the following:

> Any and all pleadings, complaints, deposition transcripts, hearing transcripts or court filings regarding any lawsuit, other than the subject lawsuit, filed by you against any store, business, governmental entity, city or county.

Plaintiff responded:

**Objection, not relevant.**

This objection is utterly groundless. Defendants have been able to locate approximately 25 other lawsuits that Plaintiff and his wife have filed. In fact, as stated above, Plaintiff has a history of being detained or arrested at grocery stores and subsequently suing those stores. The subject lawsuit is the second time known to the Defendants that the Plaintiff has refused to show his receipt to a store employee upon exiting and then suing them as a result. This information related to other lawsuits is clearly admissible as similar fact evidence as set forth above pursuant to Federal Rule of Evidence 404(b).

Further, just because the Defendant has been able to locate *some* of the Plaintiff's prior lawsuits pursuant to public records searches, does not mean that Defendant has found *all* of Plaintiff's other lawsuits. Plaintiff apparently lives in Florida, California and potentially other unknown states where he no doubt filed lawsuits as well. Moreover, Plaintiff is required to answer this question fully and truthfully despite the fact that this information may be public record. *See Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.,* 2011 WL

3841557 (M.D. Fla. 2011) ("Courts have unambiguously stated that this exact objection is insufficient to resist a discovery request . . . it is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.' ") (internal citations omitted); *see also Cent. Transp. Intern., Inc. v. Global Advantage Distribution, Inc.*, 2007 WL 3124715 (M.D. Fla. 2007) ("Merely because an item may be available from another source is not a proper objection."). Therefore, the Defendants are entitled to a complete response to this Request, which seeks highly relevant information.

G.     **Request to Produce number 34** requested the following:

> Any and all police reports or narratives regarding any incident, other than the subject incident, reported to the police by Plaintiff DARRELL ARCHER regarding any store, business, or governmental entity.

Plaintiff responded:

**Objection, not relevant.**

Defendants reincorporate and reassert here the arguments made above regarding Plaintiff's same objection to Request No. 32.  Briefly, Plaintiff's encounters with other stores, businesses and police officers and any reports he made to the police regarding those encounters is relevant and admissible as similar fact evidence.  Plaintiff has displayed a pattern of engaging in apparently intentional confrontations with store employees and police or security officers which is probative of his knowledge, planning, preparation, intent, motive and modus operandi to set-up potential lawsuits for improper purposes.

## CERTIFICATE OF GOOD FAITH

**I HEREBY CERTIFY** that pursuant to Fed. R. Civ. P. 37(a) and this Court's local rule 3.01(g), the undersigned counsel spoke to Plaintiff Darrell Archer on the phone in an attempt to resolve these matters with Plaintiff prior to bringing this Motion, but was unsuccessful.

## ATTORNEY'S FEES

Fed.R.Civ.P. 37(a)(5)(A) provides the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses in making the motion including attorney's fees. Accordingly, Defendants would request an award of attorney's fees for the bringing of this motion.

**WHEREFORE,** Defendant CITY OF WINTER HAVEN, SGT. DAN GASKIN, and SGT. KEN NICHOLS respectfully request that this Court grant this Motion to Compel, overrule Plaintiff's objections discussed herein, compel Plaintiff to provide full and complete responses to Request Nos. 10, 11, 12, 14, 31, 32, and 34, and require Plaintiff to pay the expenses, including attorney's fees, incurred in making this Motion.

**I HEREBY CERTIFY** that on July 12, 2017, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to Albert M. Rodriguez, Esquire, Quintairos, Prieto, Wood & Boyer, P.A., 1410 N. Westshore Blvd., Suite 200, Tampa, FL 33607, amrodriguez@qpwblaw.com, wmservice@qpwblaw.com; Darrell Archer, P.O. Box 4054, Vallejo, CA 94590; dahardhat7@yahoo.com.

/s/ Jessica C. Conner
JESSICA C. CONNER, ESQ.
Florida Bar No. 0085145
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310
Fax: 407-648-0233
Jessica.Conner@drml-law.com
Zaida@drml-law.com
Attorneys for Defendants City of Winter Haven,
Sgt. Dan Gaskin and Sgt. Ken Nichols

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

DARRELL ARCHER,

           Plaintiff,                        CASE NO: 8:16-CV-3067-CEH-AAS

vs.

CITY OF WINTER HAVEN,
WINTER HAVEN POLICE DEPT.,
WALMART INC.,
Winter Haven Police Dept. SGT. KEN NICHOLS #438,
in his individual and in his official capacity,
Winter Haven Police Dept. SGT. DAN GASKIN #456,
in his individual and in his official capacity,
Winter Haven Police Dept. SGT. BRAD WEBSTER #585,
in his individual and in his official capacity,
EDWARD CAMP, in his individual and in his official capacity,
CHARLES CARAWAY, in his individual and in his official capacity,
KRISTINE WOOD, in her individual and in her official capacity,
Does 1-10, Inclusive,

           Defendants.

---

## PLAINTIFF'S AMENDED INITIAL DISCLOSURES IN COMPLIANCE WITH FED.R.CIV.P.26(a)(1)(A), INITIAL DISCLOSURE REQUIREMENTS

    COMES NOW plaintiff, DARRELL ARCHER, and files this "AMENDED" Compliance

with the Initial Disclosure requirements of FRCP 26(a)(1)(A) and submits the following:

    1.   Witnesses having knowledge of discoverable facts:

           a.    Plaintiff
                 POB 635
                 Waverly, FL 33877
                 All relevant facts to support allegations in the complaint.



    b.      Keitha Darquea, plaintiff's spouse
               POB 635
               Waverly, FL 33877
               Events of the incident which is the subject matter of the complaint.

    c.      All defendants

2. Documents in possession or control of defendants to be used to support claims or

defenses:

    a. Purchase receipt from Walmart

    b. Documents in the possession of Defendants, the description of which is

unknown at this time and will be disclosed more fully through discovery in this case.

3. No claim for personal injury to plaintiff. However, plaintiff claims compensatory

damages in connection with the taking of his property (television) and the emotional

distress he suffered resulting from the unlawful restriction of his liberty as well as

damages occasioned by his mental anguish, embarrassment and ridicule resulting from

the defendants conduct and accusations against him in a public place together with costs

of this action. In addition, plaintiff claims punitive damages against all defendants for

their wrongful and improper conduct in the stopping and detaining of plaintiff and their

wrongful and unjustified taking of his property and wrongful treatment and public

allegations against him.

    Damages include:

    (a) economic damages (cost of television)  $160.00

    (b) damages for public embarrassment: being called a thief, being called a liar,

threats of criminal charges, threats of incarceration, restriction of liberty, emotional

distress, mental anguish, being escorted from the property by WHPD, and having my

property taken from me. Suffering these indignities is in my mind and based on my personal feelings worthy of non-economic damages of   $200,000.00

(c) punitive damages for outrageous and malicious behavior by Walmart employees and Winter Haven PD in the amount of $200,000.00

(d) total damages claimed are $400,160.00.

4. No insurance policies relevant to the issues in this case.

5. No experts are anticipated to be utilized in this case by plaintiff **at this time.**

6. Plaintiff reserves the right to update this information as such need arises and additional information becomes available to plaintiff.

Respectfully submitted,

/s/ Darrell Archer
Darrell Archer,
POB 635
Waverly, FL 33877
Email: dahardhat7@yahoo.com
Tel. 707-712-9768

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of July, 2017 I mailed the foregoing Initial Disclosures to the Clerk of the Court at: U.S. Courthouse, 801 North Florida Avenue Tampa, Florida 33602  813-301-5400, to counsel of record: JESSICA C. CONNER, ESQ. Dean, Ringers, Morgan & Lawton, P.A., Post Office Box 2928, Orlando, Florida 32802-2928, and via email to Jessica.Conner@drml-law.com and Albert M. Rodriguez, Esquire, Quintairos, Prieto, Wood & Boyer, P.A., 1410 N. Westshore Boulevard, Suite 200, Tampa, Florida 33607 and via email to arodriguez@qpwblaw.com.

/s/Darrell Archer
Darrell Archer

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 8:16-cv-3067-CEH-AAS

DARRELL ARCHER,

     Plaintiff,

vs.

CITY OF WINTER HAVEN,
WINTER HAVEN POLICE DEPT.,
WALMART INC.,
Winter Haven Police Dept. SGT. KEN NICHOLS #438,
in his individual and in his official capacity,
Winter Haven Police Dept. SGT. DAN GASKIN #456,
in his individual and in his official capacity,
Winter Haven Police Dept. SGT. BRAD WEBSTER #585,
in his individual and in his official capacity,
EDWARD CAMP, in his individual and in his official capacity,
CHARLES CARAWAY, in his individual and in his official capacity,
KRISTINE WOOD, in her individual and in her official capacity,
Does 1-10, Inclusive,

     Defendants.

_____/

**DEFENDANT CITY OF WINTER HAVEN'S
FIRST REQUEST TO PRODUCE TO PLAINTIFF**

     Defendant CITY OF WINTER HAVEN, by and through undersigned counsel, hereby

request, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Plaintiff,

DARRELL ARCHER produce and permit Defendants to inspect and to copy each of the

following documents:

     1.    If any type of claim for loss of income and/or earnings in the past or in the

future is being made, a copy of your tax returns for 2010 through the present.



2.      If any type of claim for loss of income and/or earnings in the past or in the future is being made, documentation and evidence of all income from 2010 to the present.

3.      If any type of claim for loss of income and/or earnings in the past or in the future is being made, the executed original of the attached Request for Social Security Earnings Information, Form SSA-7050-F4 and Form SSA-3288.

4.      Any and all medical reports, opinions or other written memoranda from any and all doctors, nurses, other medical practitioners and health care providers reflecting any and all care, treatment, or evaluation provided to DARRELL ARCHER as a result of the incident that is the subject of this lawsuit.

5.      Any and all statements, invoices or bills for services rendered by any and all doctors, nurses, other medical practitioners and health care providers for the care, treatment, or evaluation of the injuries and damages allegedly sustained by DARRELL ARCHER as a result of the incident that is the subject of this lawsuit.

6.      Any and all hospital records reflecting any and all hospitalizations of DARRELL ARCHER as a result of the incident that is the subject of this lawsuit, including, but not limited to, inpatient records, outpatient records, and emergency room records.

7.      Any and all statements, invoices, and bills from any and all hospitals for the care, treatment or evaluation of the injuries and damages allegedly sustained by DARRELL ARCHER as a result of the incident that is the subject of this lawsuit.

8.      Any and all reports, opinions or other written memoranda from any and all psychiatrists, psychologists, psychiatric social workers, psychiatric nurses, and mental health counselors reflecting any and all care, treatment or evaluation provided to DARRELL ARCHER as a result of the incident that is the subject of this lawsuit.

2

9.     Any and all statements, invoices or bills reflecting the total cost or expense of any and all care, treatment, or evaluation provided to DARRELL ARCHER by any and all psychiatrists, psychologists, psychiatric social workers, psychiatric nurses, and mental health counselors as a result of the incident that is the subject of this lawsuit.

10.    Any and all medical reports, opinions, or other written memoranda from doctors, nurses, and other medical practitioners and health care providers reflecting any and all care, treatment, or evaluation provided to DARRELL ARCHER for the last ten years.

11.    Any and all hospital records reflecting any and all care, treatment, or evaluation provided to DARRELL ARCHER for the last ten years, including outpatient records and emergency room records.

12.    Any and all reports, opinions, or other written memoranda from any and all psychiatrists, psychologists, psychiatric social workers, psychiatric nurses and mental health counselors reflecting any and all care, treatment, and evaluation provided to DARRELL ARCHER for the last ten years.

13.    Any and all policies of insurance providing health insurance benefits, disability insurance benefits, hospitalization benefits, credit life and disability insurance, and other first party benefits to DARRELL ARCHER at the time of incident that is the subject of this lawsuit.

14.    Any and all photographs, videotapes, and/or audiotapes of the incident or the scene of the incident in this case.

15.    Any and all reports from any and all expert witnesses who you intend to call at the trial of this case.

16.    Any and all statements of witnesses to the incident(s) at issue.

3

17.    A copy of any statute, ordinance, regulation, policy or procedure you claim was violated by any of the Defendants in this case.

18.    Any and all records, reports, statements, or other documentation from or of Defendant CITY OF WINTER HAVEN or its police department concerning the incident described in your Complaint.

19.    Any and all documents from any court regarding any criminal sentence imposed upon you.

20.    Any and all documents from the Florida Department of Corrections concerning any criminal sentence imposed upon you.

21.    Any and all documents from the California Department of Corrections concerning any criminal sentence imposed upon you.

22.    Any and all documents, records, statements or other evidence you contend establishes that your arrest and/or detention on 11/26/2015 was the result of official custom or policy of the CITY OF WINTER HAVEN.

23.    Any and all documents, records, statements or other evidence you contend demonstrates that the CITY OF WINTER HAVEN was deliberately indifferent to the constitutional rights of its citizens in the training of its police officers.

24.    Any and all documents, records, statements or other evidence you contend establishes that the alleged seizure of your television on 11/26/2015 was the result of official custom or policy of the CITY OF WINTER HAVEN.

25.    Any and all documents, records, statements or other evidence you contend establishes a conspiracy amongst or between any of the Defendants in this case regarding the subject incident on 11/26/2015.

26.     Any and all correspondence and/or notices from any person or entity, including but not limited to any provider of collateral sources, claiming any right of lien, reimbursement or subrogation for damages you allege were sustained in this incident, including any governmental agency such as Medicare, Medicaid or any healthcare or insurance provider.

27.     Any and all letters of protection provided to any and all medical doctors, osteopathic physicians, chiropractic physicians, hospitals, therapists, and other health care providers for treatment rendered to the Plaintiff as a result of the subject incident.

28.     Copies of any and all demand letters to any party relating to any claim made by you for this or any other accident or incident.

29.     Any and all notice letters pursuant to F.S. § 768.28 by or on behalf of the Plaintiff to any person or entity regarding the subject incident including proof of service of the same on any person or entity.

30.     Copies of any written communications including letters, emails, memoranda, text messages, or any other written communication in any form between the Plaintiff and the Defendant or any representative or employee of the Defendant.

31.     Any and all court records or police reports reflecting any arrest or detention of the Plaintiff DARRELL ARCHER at any time.

32.     Any and all pleadings, complaints, deposition transcripts, hearing transcripts or court filings regarding any lawsuit, other than the subject lawsuit, filed by you against any store, business, governmental entity, city or county.

33.    Any and all police reports, narratives or statements regarding the incident in this case.

34.    Any and all police reports or narratives regarding any incident, other than the subject incident, reported to the police by Plaintiff DARRELL ARCHER regarding any store, business, or governmental entity.

**I HEREBY CERTIFY** that on June 5, 2017, a true and correct copy of the foregoing was furnished via email to all parties, including Albert M. Rodriguez, Esquire, Quintairos, Prieto, Wood & Boyer, P.A., 1410 N. Westshore Blvd., Suite 200, Tampa, FL 33607, amrodriguez@qpwblaw.com, wmservice@qpwblaw.com; and Darrell Archer, P.O. Box 4054, Vallejo, CA 94590; dahardhat7@yahoo.com and was also provided via U.S. mail to Mr. Archer.

        _/s/ Jessica C. Conner_
        JESSICA C. CONNER, ESQ.
        Florida Bar No. 0085145
        Dean, Ringers, Morgan & Lawton, P.A.
        Post Office Box 2928
        Orlando, Florida 32802-2928
        Tel:  407-422-4310
        Fax:  407-648-0233
        Jessica.Conner@drml-law.com
        Zaida@drml-law.com
        Attorneys for Defendant City of Winter Haven

Form SSA-7050-F4 (10-2016) UF

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. Provide your name as it appears on your most recent Social Security card or the name of the individual whose earnings you are requesting.

First Name: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐   Middle Initial: ☐

Last Name: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Social Security Number (SSN) ☐☐☐ - ☐☐ - ☐☐☐☐   One SSN per request

Date of Birth: ☐☐ / ☐☐ / ☐☐☐☐   Date of Death: ☐☐ / ☐☐ / ☐☐☐☐

Other Name(s) Used
(Include Maiden Name)

2. What kind of earnings information do you need? (Choose **ONE** of the following types of earnings or SSA must return this request.)

☑ **Itemized Statement of Earnings $115**
   (Includes the names and addresses of employers)
   If you check this box, tell us why you need this information below.

   *For Purposes of Litigation*

Year(s) Requested: 2 0 1 2 to 2 0 1 7

Year(s) Requested: ☐☐☐☐ to ☐☐☐☐

☐ Check this box if you want the earnings information **CERTIFIED** for an additional $33.00 fee.

☐ **Certified Yearly Totals of Earnings $33**
   (Does not include the names and addresses of employers)
   Yearly earnings totals are FREE to the public if you do not require certification. To obtain FREE yearly totals of earnings, visit our website at www.ssa.gov/myaccount.

Year(s) Requested: ☐☐☐☐ to ☐☐☐☐

Year(s) Requested: ☐☐☐☐ to ☐☐☐☐

3. If you would like this information **sent to someone else**, please fill in the information below.

   I authorize the Social Security Administration to release the earnings information to:

   Name  *JESSICA C. CONNER, ESQ.*

   Address  *P.O. Box 2928*   State *FL*

   City  *ORLANDO*   ZIP Code *32801*

4. I am the individual to whom the record pertains (or a person authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

| Signature AND Printed Name of Individual or Legal Guardian | *SSA must receive this form within 120 days from the date signed* |
|---|---|
| | Date ☐☐ / ☐☐ / ☐☐☐☐ |

Relationship (if applicable, you must attach proof)   Daytime Phone:

Address   State

City   ZIP Code

Witnesses must sign this form ONLY if the above signature is by marked (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address (Number and Street, City, State and ZIP Code) | Address (Number and Street, City, State and ZIP Code) |

Social Security Administration
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

**TO: Social Security Administration**

| *My Full Name | *My Date of Birth (MM/DD/YYYY) | *My Social Security Number |
|---|---|---|

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**       **\*ADDRESS OF PERSON OR ORGANIZATION:**

JESSICA C. CONNER, ESQ.          P.O. Box 2928   Orlando FL 32801

**\*I want this information released because:**   for Purposes of Litigation
   We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**
   **Check at least one box. We will not disclose records unless you include date ranges where applicable.**

1. ☑ Verification of Social Security Number
2. ☑ Current monthly Social Security benefit amount
3. ☑ Current monthly Supplemental Security Income payment amount
4. ☑ My benefit or payment amounts from date _____ to date _____
5. ☑ My Medicare entitlement from date _____ to date _____
6. ☑ Medical records from my claims folder(s) from date_____ to date_____
      If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. ☑ Complete medical records from my claims folder(s)
8. ☑ Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

| *Signature: | *Date: |
|---|---|
| **Address: | **Daytime Phone: |
| Relationship (if not the subject of the record): | **Daytime Phone: |

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (11-2016) uf

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RECEIVED

JUN 1 6 2017

DRM & L

DARRELL ARCHER,

Plaintiff,

vs.

CITY OF WINTER HAVEN, WINTER HAVEN POLICE DEPT.,
WALMART INC., WINTER HAVEN POLICE DEPT.
SGT. KEN NICHOLS #438, in his individual and in his
official capacity, Winter Haven Police Dept. SGT. DAN
GASKIN #456,in his individual and in his official capacity,
Winter Haven Police Dept. SGT. BRAD WEBSTER #585,
in his individual and in his official capacity,
EDWARD CAMP, in his individual and in his official capacity,
CHARLES CARAWAY, in his individual and in his official capacity,
KRISTINE WOOD, in her individual and in her official capacity,
Does 1-10, Inclusive,

Defendants.

CASE NO: 8;16-CV-3067-CEH-AAS

**PLAINTIFFS RESPONSE TO DEFENDANT CITY OF WINTER HAVEN'S**

**FIRST REQUEST TO PRODUCE DOCUMENTS TO PLAINTIFF**

1. If any type of claim for loss of income and/or earnings in the past or in the future is being made, a copy of your tax returns for 2010 through the present.

**NA; THERE IS NO SUCH CLAIM**

2. If any type of claim for loss of income and/or earnings in the past or in the future is being made, documentation and evidence of all income from 2010 to the present.

**NA; THERE IS NO SUCH CLAIM**

1



EXHIBIT

C

3. If any type of claim for loss of income and/or earnings in the past or in the future is being made, the executed original of the attached Request for Social Security Earnings Information, Form SSA-7050-F4 and Form SSA-3288.

**NA; THERE IS NO SUCH CLAIM**

4. Any and all medical reports, opinions or other written memoranda from any and all doctors, nurses, other medical practitioners and health care providers reflecting any and all care, treatment, or evaluation provided to DARRELL ARCHER as a result of the incident that is the subject of this lawsuit.

**NONE.**

5. Any and all statements, invoices or bills for services rendered by any and all doctors, nurses, other medical practitioners and health care providers for the care, treatment, or evaluation of the injuries and damages allegedly sustained by DARRELL ARCHER as a result of the incident that is the subject of this lawsuit.

**NONE.**

6. Any and all hospital records reflecting any and all hospitalizations of DARRELL ARCHER as a result of the incident that is the subject of this lawsuit, including, but not limited to, inpatient records, outpatient records, and emergency room records.

**NONE.**

7. Any and all statements, invoices, and bills from any and all hospitals for the care, treatment or evaluation of the injuries and damages allegedly sustained by DARRELL ARCHER as a result of the incident that is the subject of this lawsuit.

**NONE.**

8. Any and all reports, opinions or other written memoranda from any and all psychiatrists, psychologists, psychiatric social workers, psychiatric nurses, and mental health counselors reflecting any and all care, treatment or evaluation provided to DARRELL ARCHER as a result of the incident that is the subject of this lawsuit.

**NONE.**

9. Any and all statements, invoices or bills reflecting the total cost or expense of any and all care, treatment, or evaluation provided to DARRELL ARCHER by any and all psychiatrists, psychologists, psychiatric social workers, psychiatric nurses, and mental health counselors as a result of the incident that is the subject of this lawsuit.

**NONE.**

10. Any and all medical reports, opinions, or other written memoranda from doctors, nurses, and other medical practitioners and health care providers reflecting any and all care, treatment, or evaluation provided to DARRELL ARCHER for the last ten years.

**OBJECTION, IRRELEVANT.**

11. Any and all hospital records reflecting any and all care, treatment, or evaluation provided to DARRELL ARCHER for the last ten years, including outpatient records and emergency room records.

**OBJECTION, IRRELEVANT**

12. Any and all reports, opinions, or other written memoranda from any and all psychiatrists, psychologists, psychiatric social workers, psychiatric nurses and mental health counselors reflecting any and all care, treatment, and evaluation provided to DARRELL ARCHER for the last ten years.

**OBJECTION, IRRELEVANT**

13. Any and all policies of insurance providing health insurance benefits, disability insurance benefits, hospitalization benefits, credit life and disability insurance, and other first party benefits to DARRELL ARCHER at the time of incident that is the subject of this lawsuit.

**OBJECTION, IRRELEVANT**

14. Any and all photographs, videotapes, and/or audiotapes of the incident or the scene of the incident in this case.

**CD provided by Winter Haven Police Dept. alleged to be a recording of the event taken by WalMart security cameras. Copy attached.**

15. Any and all reports from any and all expert witnesses who you intend to call at the trial of this case.

**NONE at this time.**

16. Any and all statements of witnesses to the incident(s) at issue.

**NONE.**

17. A copy of any statute, ordinance, regulation, policy or procedure you claim was violated by any of the Defendants in this case.

**None at this time.**

18. Any and all records, reports, statements, or other documentation from or of Defendant CITY OF WINTER HAVEN or its police department concerning the incident described in your Complaint.

**SEE ATTACHED**

19. Any and all documents from any court regarding any criminal sentence imposed upon you.

**NONE.**

20. Any and all documents from the Florida Department of Corrections concerning any criminal sentence imposed upon you.

**NONE.**

21. Any and all documents from the California Department of Corrections concerning any criminal sentence imposed upon you.

**NONE.**

22. Any and all documents, records, statements or other evidence you contend establishes that your arrest and/or detention on 11/26/2015 was the result of official custom or policy of the CITY OF WINTER HAVEN.

**None at this time.**

23. Any and all documents, records, statements or other evidence you contend demonstrates that the CITY OF WINTER HAVEN was deliberately indifferent to the constitutional rights of its citizens in the training of its police officers.

**None at this time.**

24. Any and all documents, records, statements or other evidence you contend establishes that the alleged seizure of your television on 11/26/2015 was the result of official custom or policy of the CITY OF WINTER HAVEN.

**None at this time.**

25. Any and all documents, records, statements or other evidence you contend establishes a conspiracy amongst or between any of the Defendants in this case regarding the subject incident on 11/26/2015.

**None at this time.**

26. Any and all correspondence and/or notices from any person or entity, including but not limited to any provider of collateral sources, claiming any right of lien, reimbursement or subrogation for damages you allege were sustained in this incident, including any governmental agency such as Medicare, Medicaid or any healthcare or insurance provider.

**NONE.**

27. Any and all letters of protection provided to any and all medical doctors, osteopathic physicians, chiropractic physicians, hospitals, therapists, and other health care providers for treatment rendered to the Plaintiff as a result of the subject incident.

**NONE.**

28. Copies of any and all demand letters to any party relating to any claim made by you for this or any other accident or incident.

**See response to #29 below.**

29. Any and all notice letters pursuant to F.S. § 768.28 by or on behalf of the Plaintiff to any person or entity regarding the subject incident including proof of service of the same on any person or entity.

**SEE ATTACHED**

30. Copies of any written communications including letters, emails, memoranda, text messages, or any other written communication in any form between the Plaintiff and the Defendant or any representative or employee of the Defendant.

**Only correspondence and communications via email between myself and counsel of record which are in your possession.**

31. Any and all court records or police reports reflecting any arrest or detention of the Plaintiff DARRELL ARCHER at any time.

**OBJECTION, IRRELEVANT**

32. Any and all pleadings, complaints, deposition transcripts, hearing transcript or court filings regarding any lawsuit, other than the subject lawsuit, filed by you against any store, business, governmental entity, city or county.

**OBJECTION, IRRELEVANT**

33. Any and all police reports, narratives or statements regarding the incident in this case.

**SEE ATTACHED**

34. Any and all police reports or narratives regarding any incident, other than the subject incident, reported to the police by Plaintiff DARRELL ARCHER regarding any store, business, or governmental entity.

**OBJECTION, IRRELEVANT**


Dated: June 9, 2017


/s/ Darrell Archer

_____

Darrell Archer


**CERTIFICATE OF SERVICE**


I HEREBY CERTIFY that on the 12th day of June, 2017 I mailed the foregoing RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS to counsel of record: Jessica C. Conner, Esq. Dean, Ringers, Morgan & Lawton, P.A., Post Office Box 2928, Orlando, Florida 32802-2928, and to Albert M. Rodriguez, Esq., Quintairos, Prieto, Wood & Boyer, P.A., 1410 N. Westshore Boulevard, Suite 200, Tampa, Florida 33607 via US mail and to Jessica Conner at Jessica.Conner@drml-law.com via e-mail and to Albert M. Rodriguez, Esq., at arodriguez@qpwblaw.com. via e-mail.


/s/Darrell Archer
Darrell Archer, pro per plaintiff

## Report Selection Criteria

**Case ID:**        FCS030626
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**     FCS030626 - ARCHER, DARRELL VS FOOD 4 LESS ET AL
**Filing Date:** Tuesday , December 11th, 2007
**Type:**       PI - Complaint for Personal Injury
**Status:**     RULING - RULING

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|-------|-----------|------|----------|-------|
| MOTION | 13-OCT-2010 08:30 AM | DPT 2 RM 209 JUSTICE CENTER | Fairfield | BENNETT, RICHARD A. |

## Case Parties

| Seq # | Assoc | Party End Date | Type | Name |
|-------|-------|----------------|------|------|
| 1 | | 01-JAN-2010 | JUDGE | **POWER, DAVID EDWIN** |
| **Address:** *unavailable* | | | **Aliases:** *none* | |
| 2 | 3 | | PLAINTIFF | <u>**ARCHER, DARRELL**</u> |
| **Address:** *unavailable* | | | **Aliases:** *none* | |
| 3 | 2 | 23-FEB-2009 | PLAINTIFF'S ATTORNEY | <u>**BEEMAN, WILLIAM**</u> |
| **Address:** *unavailable* | | | **Aliases:** *none* | |

EXHIBIT

D

| | | | | |
|---|---|---|---|---|
| 4 | 8 | | DEFENDANT | **FOOD 4 LESS** |
| **Address:** | *unavailable* | | **Aliases:** | *none* |
| | | | | |
| 5 | 8 | | DEFENDANT | **MARTINEZ, THOMAS** |
| **Address:** | *unavailable* | | **Aliases:** | *none* |
| | | | | |
| 6 | | | DEFENDANT | **GRANADOS, RODOLFO** |
| **Address:** | *unavailable* | | **Aliases:** | *none* |
| | | | | |
| 7 | 8 | 17-AUG-2010 | DEFENDANT | **AVILA, NATALIE** |
| **Address:** | *unavailable* | | **Aliases:** | *none* |
| | | | | |
| 8 | 4,5,7,15 | | DEFENDANT'S ATTORNEY | **WORTHINGTON, DAVID SCOTT** |
| **Address:** | *unavailable* | | **Aliases:** | *none* |
| | | | | |
| 9 | | 08-APR-2011 | PLAINTIFF'S ATTORNEY | **FRANCK, HERMAN ADAM DANIE** |
| **Address:** | *unavailable* | | **Aliases:** | *none* |
| | | | | |
| 15 | 8 | | DEFENDANT | **WOODWARD, DWIGHT** |
| **Address:** | *unavailable* | | **Aliases:** | *none* |
| | | | | |
| 19 | | | JUDGE | **HARRISON, WILLIAM C** |
| **Address:** | *unavailable* | | **Aliases:** | *none* |
| | | | | |
| 68 | | | PLAINTIFF'S ATTORNEY | **IN PRO PER** |
| **Address:** | *unavailable* | | **Aliases:** | N/A |

## Docket Entries

| Filing Date | Description | Name | Monetary |
|---|---|---|---|
| 11-DEC-2007 10:08 AM | CASE COVER SHEET | | |
| Entry: | *none.* | | |
| | | | |
| 11-DEC-2007 10:08 AM | SUMMONS ISSUED | | |
| Entry: | *none.* | | |
| | | | |
| 11-DEC-2007 10:08 AM | UNLIMITED COMPLAINT | ARCHER, DARRELL | |
| Entry: | PERSONAL INJURY | | |
| | | | |
| 11-DEC-2007 10:08 AM | ORIGINAL SUMMONS FILED | ARCHER, DARRELL | |
| Entry: | *none.* | | |
| | | | |
| 11-DEC-2007 10:08 AM | NOTICE OF CASE MANAGEMENT CONF | | |
| Entry: | *none.* | | |
| | | | |
| 11-DEC-2007 10:08 AM | AFFIDAVIT OF PERSONAL SERVICE | | |
| Entry: | *none.* | | |
| | | | |
| 11-DEC-2007 10:09 AM | PAYMENT | ARCHER, DARRELL | |
| Entry: | A Payment of -$320.00 was made on receipt CSVL53451. | | |
| | | | |
| 11-JAN-2008 01:34 PM | PROOF OF SERVICE | ARCHER, DARRELL | |
| Entry: | NAME: FOOD 4 LESS DOCUMENT SERVED: S&C; NSC; 1ST CAUSE OF ACITON-GEN NEG; 2ND CAUSE OF ACTION- INTENTIONAL TORT; EXEMPLARY DAMAGES ATTACHMENT DATE OF SERVICE: 10-JAN-08 | | |

| | MANNER OF SERVICE: PERSONAL TO NONATO ARCEGA, ASSISTANT STORE DIRECTOR | | |
|---|---|---|---|
| 11-JAN-2008 01:34 PM | PROOF OF SERVICE | ARCHER, DARRELL | |
| **Entry:** | NAME: NATALIE AVILA DOCUMENT SERVED: S&C; NSC; 1ST CAUSE OF ACTION- GEN NEG; 2ND CAUSE OF ACTION -INTENTIONAL TORT; EXEMPLARY DAMAGES ATTACHMENT DATE OF SERVICE: 20-JAN-08 MANNER OF SERVICE: SUB-SERVED NONATO ARCEGA [ASST STORE DIRECTOR] ON 10-JAN-08 | | |
| 11-JAN-2008 01:37 PM | PROOF OF SERVICE | ARCHER, DARRELL | |
| **Entry:** | NAME: THOMAS MARTINEZ DOCUMENT SERVED: S&C; NSC; 1ST CAUSE OF ACTION- GEN NEG; 2ND CAUSE OF ACITON -INTENTION TORT; EXEMPLARY DAMAGES ATTACHMENT DATE OF SERVICE: 20-JAN-08 MANNER OF SERVICE: SUB-SERVED NONATO ARCEGA [ASST. STORE DIRECTOR] ON 10-JAN-08 | | |
| 11-APR-2008 03:14 PM | UNLIMITED RESPONSE | FOOD 4 LESS, | |
| **Entry:** | ANSWER TO COMPLAINT *** NUGGET MARKETS, INC. ERRONEOUSLY SUED AND SERVED AS FOOD 4 LESS *** | | |
| 11-APR-2008 03:14 PM | UNLIMITED RESPONSE | MARTINEZ, THOMAS | |
| **Entry:** | ANSWER TO COMPLAINT *** TOMAS MARTINEZ ERRONEOUSLY SUED AND SERVED AS THOMAS MARTINEZ *** | | |
| 11-APR-2008 03:14 PM | UNLIMITED RESPONSE | AVILA, NATALIE | |
| **Entry:** | ANSWER TO COMPLAINT | | |
| 11-APR-2008 03:16 PM | PAYMENT | | |
| **Entry:** | A Payment of -$960.00 was made on receipt CMFF140617. | | |
| | | FOOD 4 LESS, | |

| 14-APR-2008 11:02 AM | CASE MANAGEMENT STATEMENT ONE | | |
|---|---|---|---|
| **Entry:** | *none.* | | |

| 17-APR-2008 02:49 PM | CASE MANAGEMENT STATEMENT ONE | ARCHER, DARRELL | |
|---|---|---|---|
| **Entry:** | *none.* | | |

| 17-APR-2008 02:49 PM | PROOF OF SERVICE BY MAIL | ARCHER, DARRELL | |
|---|---|---|---|
| **Entry:** | *none.* | | |

| 22-APR-2008 08:06 PM | HEARD | | |
|---|---|---|---|
| **Entry:** | *none.* | | |

| 22-APR-2008 08:06 PM | MINUTE ORDER | | |
|---|---|---|---|
| **Entry:** | *none.* | | |

| 09-JUL-2008 03:43 PM | CASE MANAGEMENT STATEMENT ONE | ARCHER, DARRELL | |
|---|---|---|---|
| **Entry:** | *none.* | | |

| 11-JUL-2008 11:19 AM | CASE MANAGEMENT STATEMENT ONE | FOOD 4 LESS, | |
|---|---|---|---|
| **Entry:** | *none.* | | |

| 16-JUL-2008 09:07 AM | MEDIATION | | |
|---|---|---|---|
| **Entry:** | *none.* | | |

| 16-JUL-2008 09:07 AM | MINUTE ORDER | | |
|---|---|---|---|
| **Entry:** | *none.* | | |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO) Costco Wholesale Corp?
Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

Darrell Archer

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): 600 Union St. Fairfield CA | CASE NUMBER: (Número del Caso): FCS044205 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

**DATE:** 9/22/18      Clerk, by   D. MCESSY       , Deputy
(Fecha)                (Secretario)                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):   COSTCO WHOLESALE CORP

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):

4. ☒ by personal delivery on (date): 9-26-18  7:50pm

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT**
E
tabbies*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Darrell Archer<br>POB 4054<br>Vallejo, CA 94590 | **ENDORSED FILED**<br>Clerk of the Superior Court<br><br>**SEP 2 2 2014**<br>D. MCESSY<br>By _____<br>**DEPUTY CLERK** |

TELEPHONE NO.: 707-712-9768   FAX NO.:

ATTORNEY FOR *(Name)*: In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Solano
STREET ADDRESS: 600 Union Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield, CA 94533
BRANCH NAME:

CASE NAME:
Archer vs. Costco Inc.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: FCS 044205 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE: Power<br>DEPT: 11 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☑ Product liability (24)
- ☐ Medical malpractice (45)
- ☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 2
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/22/14

Darrell archer
(TYPE OR PRINT NAME)                                    ▶ _____
                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
            or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Darrell Archer
  POB 4054
Vallejo, CA 94590

TELEPHONE NO: 707-712-9768    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*: dahardhat7@yahoo.com
ATTORNEY FOR *(Name)*: In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Solano
STREET ADDRESS: 600 Union Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield, CA 94533
BRANCH NAME:

PLAINTIFF: Darrell Archer

DEFENDANT: Costco Wholesale Corp

☑ DOES 1 TO  10

**ENDORSED FILED**
Clerk of the Superior Court

**SEP 2 2 2014**

D. McCESSY

By _____
DEPUTY CLERK

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
    ☐ **AMENDED** *(Number)*:
**Type** *(check all that apply)*:
  ☐ **MOTOR VEHICLE**   ☑ **OTHER** *(specify)*: Negligence
    ☐ **Property Damage**  ☐ **Wrongful Death**
    ☑ **Personal Injury**  ☑ **Other Damages** *(specify)*: Battery

**Jurisdiction** *(check all that apply)*:
  ☐ **ACTION IS A LIMITED CIVIL CASE**
    Amount demanded  ☐ does not exceed $10,000
              ☐ exceeds $10,000, but does not exceed $25,000
  ☑ **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000)
  ☐ **ACTION IS RECLASSIFIED** by this amended complaint
    ☐ from limited to unlimited
    ☐ from unlimited to limited

CASE NUMBER:

FCS044305

1. Plaintiff *(name or names)*:  Darrell Archer
alleges causes of action against defendant *(name or names)*:
Costco Wholesale Corp and Does 1-10
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
  a. ☐ except plaintiff *(name)*:
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe)*:
    (3) ☐ a public entity *(describe)*:
    (4) ☐ a minor  ☐ an adult
        (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
        (b) ☐ other *(specify)*:
    (5) ☐ other *(specify)*:
  b. ☐ except plaintiff *(name)*:
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe)*:
    (3) ☐ a public entity *(describe)*:
    (4) ☐ a minor  ☐ an adult
        (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
        (b) ☐ other *(specify)*:
    (5) ☐ other *(specify)*:

  ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death** | Page 1 of 3<br>Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |
|---|---|---|

PLD-PI-001

| SHORT TITLE: Archer vs. Costco | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ except defendant *(name):* Costco Inc.
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers):* 1-10 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 2 of 3

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Archer vs. Costco | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☑ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☑ Other *(specify)*:

     Exemplary and Punitive Damages

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☑ other damage *(specify)*:

     Plaintiff was injured in his health, nervous system and person, all of which said injuries caused and will cause Plaintiff great mental pain and suffering.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
     Para. 11 (p. 3); GN-1 of the First Cause of Action: IT-1, (a)(b) and (c) of the Second Cause of Action
     Ex-1

Date: 9/22/14

Darrell Archer
_____
    (TYPE OR PRINT NAME)

▶ _____
        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Archer vs. Costco Inc. | |

First _____  **CAUSE OF ACTION—General Negligence**   Page \_\_\_ 4 \_\_\_
    (number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*

    alleges that defendant *(name):*

        ☑ Does  1 _____  to  10 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):*  August 26, 2014
at *(place):*  Costco Store Vallejo, CA

*(description of reasons for liability):*

At all times mentioned herein (Doe 1) was an employee of Costco Inc. acting within the scope and course of his employment.

Defendant Costco had a duty to supervise the conduct of its employees. Defendant was negligent and careless in that it failed to exercise ordinary care in supervising the conduct of its employee and to provide training so as to prevent the type of attached herein alleged behavior.

That as a sole, direct, and proximate result of said negligence and carelessness, Defendant (Doe1) assaulted and battered Plaintiff in th e Costco parking lot by pushing him with the weight of his body and shoving him so as to prevent Plaintiff from reaching his vehicle.

That as a sole, direct and proximate result of said negligence and carelessness, Defendant (Doe 1) robbed Plaintiff by tearing Plaintiff's roasted chicken from his hands and robbed Plaintiff by tearing Plaintiff's can of coffee from his hands thereby causing great fear in Plaintiff.

That as a sole, direct and proximate result of said negligence and carelessness, Defendant (Doe 1) libeled Plaintiff by falsely accusing him of stealing and attacking him in front of other Costco employees and patrons.

That as a sole, direct proximate result of said negligence and carelessness Costco employee (Doe 1) conducted himself in a disorderly manner by attacking Plaintiff, robbing him, libeling him and causing a commotion in the parking lot.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Page 1 of 1
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

**PLD-PI-001(3)**

| SHORT TITLE:<br>Archer vs. Costco Inc. | CASE NUMBER |
|---|---|

<u>Second</u>          **CAUSE OF ACTION—Intentional Tort**    **Page**   <u>5</u>
   (number)

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:  Darrell archer

   alleges that defendant *(name)*:  Costco Inc.

[✓] Does <u>1</u>    to  <u>10</u>

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff
on *(date)*:August 26, 2014
at *(place)*:Vallejo, Ca, Costco Store

*(description of reasons for liability)*:

a) Plaintiff refers to and incorporates herein by reference the allegations set forth in Paragraphs GN-1
of the First Cause of Action.

b) By reason of the acts and conduct of Defendants, and each of them. Plaintiff was placed in fear for
his physical well-being and subjected to cruel and unusual treatment.

c) By reason of the wrongful and malicious acts and conduct of Defendants, and each of them, and of
the fright caused Plaintiff has suffered extreme and severe mental anguish and physical injury and
has been damaged as described herein.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE:<br>Archer vs. Costco Inc. | | CASE NUMBER: | PLD-PI-001(6) |
| --- | --- | --- | --- |

## Exemplary Damages Attachment

Page **6**

ATTACHMENT TO  ☑ Complaint  ☐ Cross - Complaint

EX-1. As additional damages against defendant *(name)*:

Costco Inc. Does 1-10

Plaintiff alleges defendant was guilty of
☑ malice
☐ fraud
☑ oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

a) Plaintiff refers to and incorporates herein, by reference,  the allegations set forth in Paragraph IT-1 (a) (b) and (c) of the Second Cause of Action of this Complaint.

b) The conducts of Defendants Costco Inc. and Does 1-10, and each of them, as described herein was outrageous, and despicable as Defendants and each of them, purposefully and intentionally with design to harm, injure and maim Plaintiff by attacking him, pushing and shoving him, and robbing his merchandise from his hands, causing Plaintiff to suffer injuries as described herein.

The aforementioned acts and conduct of Defendants was willful, wanton, malicious, and oppressive and justify the awarding of exemplary and punitive damages to Plaintiff in an amount according to proof.

The allegations of the First and Second Causes of Action are incorporated herein and state a basis for for an award of Exemplary and Punitive damages against all Defendants in an amount according to proof.

EX-3. The amount of exemplary damages sought is
a. ☑ not shown, pursuant to Code of Civil Procedure section 425.10.
b. ☐ $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov



August 26, 2015, Darrell Archer, a Costco customer exited the Costco store in Vallejo California carrying a 3 lb. can of coffee and a roasted chicken on top of it in front of him

He did not show his receipt at the exit door and said "No thank you, not today" when asked for his receipt, exercising his legal right.

There is no California law requiring a customer to show a receipt after purchase.

Approximately 40 'out into the parking lot he was approached by Angelo Russell, a Costco employee, asking to see the receipt. The request was refused and Angelo Russell walked side by side with Darrell Archer intimidatingly close and then suddenly shoulder rammed him.

Darrell Archer did nothing in response to this attack and both men continued to walk further out into the parking lot. Again Angelo Russell, walking next to Darrell Archer suddenly shoulder rammed him. Darrell Archer did nothing in response to the second ramming.

Then the Costco employee, Angelo Russell, robbed Darrell Archer of his chicken and coffee by tearing the items from Darrell Archer's hands.

After the moment of the robbery Darrell Archer grabbed Angel Russell by his shoulder and shoved him onto the back of a parked car where he almost punched him in the face. Angelo Russell immediately became submissive and was released by Darrell Archer. He was never struck.

On his way back into the Costco store Darrell Archer passed two Costco employees, Maricela Campos and Cliff Cruz, assistant store manager coming out to the incident, who would later both perjure themselves at trial.

Darrell Archer did receive another can of coffee and a roasted chicken to replace the stolen items from the store manager Kelly Smith and was told by Kelly Smith that Costco would do an internal investigation of the event. Darrell Archer never did show his receipt.

A law suit was filed against Costco and Angelo Russell; Angelo Russell denied ever attacking and stealing Darrell Archer's merchandise, instead claimed Darrell Archer attacked him, cursing and swinging and he was lucky to escape. Maricela Campos claimed to have seen the incident and claimed to have gotten in the middle of

2

27

EXHIBIT

F

it and broke it up. Cliff Cruz couldn't seem to remember much of anything. Angelo Russell and Maricela Campos clearly perjured themselves.

Darrell Archer had two friends with him that day standing at the back of his van that had a clear view of the entire incident. Derick Martin and Mark Suchevits testified in trial to the incident exactly as it happened. They both saw Angelo Russell shoulder ram Darrell Archer twice and saw him rob Darrell Archer of his coffee and chicken.

Interestingly enough two weeks before trial another Costco witness came forward. This witness, Kris Butcher claimed to have been there at the time of the incident out in the parking lot and saw the whole thing, even claiming he had a conversation with Darrell Archer on his way back into the store. Kris Butcher is Vallejo Costco's Loss Prevention officer.

Kris Butcher gave testimony under oath in a deposition taken by Darrell Archer where he described the whole incident. Only problem is that he wasn't there in the parking lot that day and seven witnesses in trial testified that he was not there; Kris Butcher is not easily missed because he is 6' 10" tall.

Kris Butcher is the most egregious liar of them all and very well may be tried for perjury.

Most of the jurors were Costco members; they found Costco to be negligent but did not find liability for assault, battery and robbery.

At the time of this writing it is believed that Costco encouraged its employees to commit perjury to protect the company. That proof may come later.

So far Costco has been able to slip by one more time.

<u>Another incident at COSTCO that left a man with a broken leg</u>

<u>COSTCO LOSS PREVENTION OFFICER LIES</u>

28