UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRELL ARCHER,

    Plaintiff,

v.                                                           Case No.: 8:16-cv-3067-T-36AAS

CITY OF WINTER HAVEN, et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendants' Motion to Compel Better Responses to Request to Produce (Doc. 69), Defendants' Motion to Compel Better Answers to Interrogatories (Doc. 70), and Plaintiff's responses in opposition thereto (Docs. 75, 76).

## I.    BACKGROUND

On March 7, 2017, pro se Plaintiff Darrell Archer filed his First Amended Complaint against Defendants City of Winter Haven, Winter Haven Police Department, Wal-Mart Stores East, LP, Sgt. Dan Gaskin, Sgt. Ken Nicols, Sgt. Brad Webster, Edward Camp, Charles Caraway, and Kristine Wood. (Doc. 32). Plaintiff alleges that on November 26, 2015, he purchased a television at a Walmart store and, as he was leaving the store, an unidentified Walmart employee requested to see a receipt for the purchase of the television. (*Id.* at p. 3). Plaintiff refused to produce the receipt. (*Id.*). Plaintiff alleges that he was subsequently prevented from leaving the store for 10 to 15 minutes, threatened with theft and trespass charges, and then asked to leave the store without his property. (*Id.* at pp. 3-4).

Plaintiff brings the following causes of action against Defendants: (1) "Violations of Fourth and Fourteenth Amendments[;]" (2) "Deprivation of Civil Rights Pursuant to 42 USC 1983[;]" (3)

"Violation of 18 USC 241, 242[;] Conspiracy Against Rights and 42 USC 1985(3)[;]" (4) "Florida State Law Negligence[;]" and (5) "Wrongful Imprisonment in Violation of Florida 787.02 False Imprisonment[.]" (Doc. 32).

On June 5, 2017, Defendants City of Winter Haven, Sgt. Dan Gaskin, and Sgt. Ken Nichols served Plaintiff with their First Request for Production and Interrogatories (Docs. 69-B, 70-B), and Plaintiff responded (Docs. 69-C, 70-C). On July 12, 2017, Defendants filed the instant motions to compel arguing that a number of Plaintiff's discovery responses were inadequate. (Docs. 69, 70). On August 2, 2017, Plaintiff filed responses in opposition to Defendants' motions. (Doc. 75, 76). Accordingly, this matter is ripe for review.

## II. ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides, in relevant part, that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relying on this definition of the scope of proper discovery, the Court will address the discovery requests and responses at issue.

Here, Defendants seek to compel better responses to Interrogatory Nos. 3, 5, 6, 10, 13, and

17, as well as Request for Production Nos. 10, 11, 12, 31, 32, and 34.[1] Essentially, there are five categories of discovery requests at issue: (1) discovery related to Plaintiff's mental and physical health; (2) discovery related to Plaintiff's prior and subsequent arrests or detentions; (3) discovery related to other lawsuits involving Plaintiff; (4) requests for personal information; and (5) requests for damages calculation information. The Court will address each category of discovery requests in turn.

### A.     Plaintiff's Mental and Physical Health

As to Defendants' discovery requests seeking Plaintiff's medical records and history, the following requests and responses are at issue:

> **Request for Production No. 10**: Any and all medical reports, opinions, or other written memoranda from doctors, nurses, and other medical practitioners and health care providers reflecting any and all care, treatment, or evaluation provided to [Plaintiff] for the last ten years.
>
> > *Response:*     Objection, not relevant.
>
> **Request for Production No. 11**: Any and all hospital records reflecting any and all care, treatment, or evaluation provided to [Plaintiff] for the last ten years, including outpatient records and emergency room records.
>
> > *Response:*     Objection, not relevant.
>
> **Request for Production No. 12**: Any and all reports, opinions, or other written memoranda from any and all psychiatrists, psychologists, psychiatric social workers, psychiatric nurses and mental health counselors reflecting any and all care, treatment, and evaluation provided to [Plaintiff] for the last ten years.
>
> > *Response:*     Objection, not relevant.
>
> **Interrogatory No. 13**: List the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which

---

[1] Defendants also sought to compel the CD referenced in Plaintiff's response to Defendants' Request for Production No. 14. However, Plaintiff represents that the CD at issue has since been provided. (Doc. 75, p. 3). Therefore, the motion to compel as to this request is moot and will not be addressed in this Order.

you have been examined or treated in the past ten (10) years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

*Response:* Objection, not relevant.

Plaintiff seeks mental anguish and emotional distress damages as a result of the subject incident. As such, Plaintiff has put his mental health at issue and requests for supporting documentation as to his current or pre-existing mental condition are relevant. However, Plaintiff has not put his physical health at issue and so those discovery requests, as drafted, are overbroad. In addition, the ten years of information sought is not an appropriate timeframe and not proportionate to the needs of this case. As such, the Court will narrow Defendants' Request for Production Nos. 10, 11, and 12, as well as Defendants' Interrogatory No. 13, to include only those medical records and information pertaining to Plaintiff's mental health, dated on or after November 26, 2012. Plaintiff shall amend his responses to these narrowed requests no later than **September 22, 2017.**

### B. Prior and Subsequent Arrests or Detentions

As to requests for discovery related to Plaintiff's prior and subsequent arrests or detentions, the following discovery requests and responses are at issue:

**Request for Production No. 31**: Any and all court records or police reports reflecting any arrest or detention of [Plaintiff] at any time.

*Response:* Objection, not relevant.

**Request for Production No. 34**: Any and all police reports or narratives regarding any incident, other than the subject incident, reported to the police by [Plaintiff] regarding any store, business, or governmental entity.

*Response:* Objection, not relevant.

**Interrogatory No. 5**: Were you ever arrested or detained by any law enforcement officer, law enforcement agency, or any store employee for any reason whatsoever

before 11/26/2015? If so, please state, in complete detail, the date of each such arrest or detention; the state, county, or municipality in which you were arrested or detained; the charges for which you were arrested or detained; the law enforcement agencies or stores by whom you were arrested or detained; whether you were incarcerated for any length of time whatsoever as a result of each such arrest; the length of time that you were incarcerated following such arrest; and the disposition of each and every charge resulting from each and every such arrest or detention.

*Response:* Objection, not relevant.

**Interrogatory No. 6**: Were you ever arrested or detained by any law enforcement officer, law enforcement agency, or any store employee for any reason whatsoever after 11/26/2015? If so, please state, in complete detail, the date of each such arrest or detention; the state, county, or municipality in which you were arrested or detained; the charges for which you were arrested or detained; the law enforcement agencies or stores by whom you were arrested or detained; whether you were incarcerated for any length of time whatsoever as a result of each such arrest; the length of time that you were incarcerated following each such arrest; and the disposition of each and every charge resulting from each and every such arrest or detention.

*Response:* Objection, not relevant.

Defendants argue that evidence related to Plaintiff's arrests and detentions is relevant because Plaintiff is seeking damages for mental anguish and emotional distress due to his being prevented from leaving the store for 10 to 15 minutes. Defendants cite to *Bryan v. Jones*, 519 F.2d 44, 46 (5th Cir.1975), rev'd and remanded on another issue, 530 F.2d 1210 (5th Cir.1976), for this proposition. However, this case is distinguishable from *Bryan*. In *Bryan*, the plaintiff was incarcerated wrongfully for 36 days, and his emotional damages were for emotional "suffering caused by the very fact of incarceration." *Id.* Here, in contrast, Plaintiff alleges emotional trauma suffered at the scene of incident, rather than the fact of incarceration. Thus, the instant case was not the scenario contemplated by the court in *Bryan*. *See Coney v. Cobas*, 129 F. App'x 561, 562 (11th Cir. 2005).

Defendants further argue that evidence of subsequent and prior arrests or detentions would

demonstrate Plaintiff's pattern, plan, motive or modus operandi. Pursuant to Federal Rule of Evidence 404(b):

> (b) Crimes, Wrongs, or Other Acts.
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident....

The Court agrees that evidence related to similar incidents that demonstrate Plaintiff's pattern, plan, motive or modus operandi, is relevant. However, as drafted, Defendants requests are overboard. For example, Defendants' Request for Production No. 31 seeks "[a]ny and all court records or police reports reflecting any arrest or detention of [Plaintiff] at any time." Likewise, Interrogatory Nos. 5 and 6, request information related to Plaintiff being arrested or detained "for any reason." Further, the requests are not limited in time. Therefore, these requests are not proportional to the needs of the case.

As to Defendants' Request for Production Nos. 31 and 34, these requests shall be narrowed to include only those court records or police reports reflecting any arrest, detention, or incident involving the refusal to show proof of purchase at a store or business, within the last ten years. Interrogatory Nos. 5 and 6, shall also be narrowed to include only situations wherein Plaintiff refused to provide proof of purchase at a store or business within the last ten years. Plaintiff shall amend his responses to these narrowed requests no later than **September 22, 2017.**

    **C.**    **Other Lawsuits**

As to Defendants' discovery requests seeking information involving other lawsuits involving Plaintiff, the following discovery requests and responses are at issue:

**Request for Production No. 32**: Any and all pleadings, complaints, deposition transcripts, hearing transcripts or court filings regarding any lawsuit, other than the subject lawsuit, filed by you against any store, business, governmental entity, city or county.

*Response:* Objection, not relevant.

**Interrogatory No. 17**: Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were a plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

*Response:* (a) Yes, (b) Plaintiff, (c) civil suit for neighbor's barking dog, (d) California Superior Court at Bakersfield, CA, (e) 2015

Defendants represent that Plaintiff has a history of being detained or arrested at stores and subsequently suing those stores. These lawsuits are relevant for the reasons stated above. Although Plaintiff argues that Defendants are able to get this information on their own, this argument has been rejected by numerous courts in this district. *See Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-cv-753-FTM-36, 2011 WL 3841557, at *4 (M.D. Fla. Aug. 29, 2011); *Cent. Transp. Int'l, Inc. v. Glob. Advantage Distribution, Inc.*, No. 2:06-cv-401-FTM-29SPC, 2007 WL 3124715, at *2 (M.D. Fla. Sept. 11, 2007).

As such, Plaintiff is compelled to provide more complete responses to Defendants' Request for Production No. 32 and Interrogatory No. 17, with those requests narrowed to include only those lawsuits involving stores and businesses filed within the last ten years. Plaintiff shall provide these more complete responses no later than **September 22, 2017**.

**D.  Plaintiff's personal identifying information**

The following interrogatory is at issue concerning Plaintiff's personal identifying information:

**Interrogatory No. 3**: List all former names and when you were known by those

names. State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your Social Security number, your date of birth, and if you are or have ever been married, the name and address of your spouse or spouses. If divorced, please state the County in which you were divorced and the case number of the dissolution action.

*Response:* No former names (a) POB 4054 Vallejo, CA, 2408 Bladen St. Bakersfield, CA, POB 635 Waverly, FL (b) Dates are various in all locations (c) SS#, Objection private information and not relevant (d) married (yes) Keitha Darquea, same addresses as mine.

Defendants request that the Court compel Plaintiff to provide proper addresses and his social security number. Federal Rule of Civil Procedure 26 clearly contemplates discovery of the addresses and telephone numbers as integral to the identity of individuals likely to have discoverable information regarding the parties' claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A). Consequently, it is reasonable for Defendants to request—and for Plaintiff to have to provide—his address information. In addition, as to Plaintiff's social security number, Plaintiff has not demonstrated a need for this information to be confidential. *Gober v. City of Leesburg*, 197 F.R.D. 519, 521, fn 2 (M.D. Fla. 2000) ("It should be noted, in the Court's experience, that the discovery of background information such as name, address, telephone number, date of birth, driver's license number, and social security number is considered routine information in almost all civil discovery matters."). Thus, Plaintiff is compelled to amend his response to Interrogatory No. 3 to include the requested address information and his social security number, no later than **September 22, 2017**. No document containing personal information shall be filed on the public docket unless that personal information has been redacted.

### E. Damages calculations

**Interrogatory No. 10**: List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item, the date incurred, the name and business address to whom each was paid or is owed, and the goods or

8

services for which each was incurred.

*Response:* The television that was stolen from me by WalMart and Winter Haven Police. Mental anguish caused by the violation of my civil rights.

Plaintiff has plead a variety of damages against Defendants, including a claim for $200,000. (Doc. 32, pp. 26-27). Plaintiff is obligated to specifically describe the nature of all damages being sought, the amount of damages being sought, and the methods used to determine those amounts. *See Dunstan v. Wal-Mart Stores E.*, L.P., No. 307-cv-713-J-32TEM, 2008 WL 2025313, at *1 (M.D. Fla. May 9, 2008) ("Plaintiff should be able to make a good faith estimate of damages and methods of calculations based on the information available at this stage of the litigation, while reserving the right to amend his calculation."); *LeBlanc v. Unifund CCR Partners, G.P.*, No. 8:06-cv-1216-T-TBM, 2007 WL 2446900, at *1 (M.D. Fla. Aug. 23, 2007) (same). Thus, Plaintiff is compelled to amend his response to Interrogatory No. 10, no later than **September 22, 2017**.

## III. CONCLUSION

Accordingly, after due consideration, it is **ORDERED:**

Defendants' Motion to Compel Better Responses to Request to Produce (Doc. 69) and Defendants' Motion to Compel Better Answers to Interrogatories (Doc. 70) are **GRANTED in part and DENIED in part** as provided in the body of this Order.[2]

---

[2] Each party shall bear their own attorneys' fees and costs incurred in relation to this Motion. *See* Fed. R. Civ. P 37(a)(5)(C).

**DONE AND ORDERED** in Tampa, Florida on this 1st day of September, 2017.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge