UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRELL ARCHER,

    Plaintiff,

v.                                              Case No.: 8:16-cv-3067-T-36AAS

CITY OF WINTER HAVEN, et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Responses to Requests for Production (Doc. 79), Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories (Doc. 80), and Defendants' responses in opposition thereto (Docs. 86, 87).

## I.    BACKGROUND

On March 7, 2017, pro se Plaintiff Darrell Archer filed his First Amended Complaint against Defendants City of Winter Haven, Winter Haven Police Department, Wal-Mart Stores East, LP, Sgt. Dan Gaskin, Sgt. Ken Nicols, Sgt. Brad Webster, Edward Camp, Charles Caraway, and Kristine Wood. (Doc. 32). Plaintiff alleges that, on November 26, 2015, he purchased a television at a Walmart store, and, as he was leaving the store, a Walmart employee requested to see a receipt for the purchase. (*Id.* at p. 3). Plaintiff refused to produce the receipt. (*Id.*). Plaintiff alleges that Defendants subsequently prevented him from leaving the store for 10 to 15 minutes, threatened him with theft and trespass charges, and him asked to leave without his property. (*Id.* at pp. 3-4).

On July 6, 2017, Plaintiff propounded his First Requests for Production and First Set of Interrogatories on Defendants Sgt. Dan Gaskin and Sgt. Ken Nicols (collectively, the "Officer

Defendants"). (Docs. 79-1, 81-1). The Officer Defendants provided their responses to Plaintiff's discovery requests on August 4, 2017. (*Id.*). In the responses, the Officer Defendants objected to responding to the discovery requests because they had raised the defense of qualified immunity in their motions to dismiss, which remained pending. (*Id.*).

On September 5, 2017, Plaintiff filed the instant motions to compel requesting that the Court direct the Officer Defendants to respond to the outstanding discovery requests. (Docs. 79, 80). On September 19, 2017, the Officer Defendants filed responses in opposition to Plaintiff's motions, reiterating that they are exempt from responding to discovery because they have raised a qualified immunity defense in their pending motions to dismiss. (Doc. 86, 97). Accordingly, this matter is ripe for review.

## II. ANALYSIS

The Officer Defendants have not cited to, nor can the Court find, precedent which dictates that raising the defense of qualified immunity in a motion to dismiss entitles the Officer Defendants to an automatic stay of discovery. The Federal Rules of Civil Procedure provide that the Court may, in its discretion, stay discovery upon a demonstration of good cause and reasonableness. Fed. R. Civ. P. 26(c). Specifically, the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

Qualified immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Therefore, when a dispositive motion raises the issue of qualified immunity, it may be appropriate to stay discovery until resolution of that motion.

*See Iqbal v. Dep't of Justice*, No. 3:11-CV-369-J-37JBT, 2013 WL 3903642, at *1 (M.D. Fla. July 29, 2013). However, the Officer Defendants have not moved for a stay of discovery despite ample time to do so since the filing of their motion to dismiss. On the contrary, the Officer Defendants, at least superficially, have participated in discovery motion practice thus far. (*See* Docs. 69, 70).

### III. CONCLUSION

Accordingly, after due consideration, it is **ORDERED:**

Plaintiff's Motion to Compel Responses to Requests for Production (Doc. 79) and Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories (Doc. 80) are **GRANTED.** Defendants shall provide Plaintiff with proper responses to Plaintiff's First Requests for Production and First Set of Interrogatories no later than **October 27, 2017.**

**DONE AND ORDERED** in Tampa, Florida on this 4th day of October, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

Copy to:

Darrell Archer
PO Box 4054
Vallejo, CA 94590