# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DARRELL ARCHER,**

   **Plaintiff,**

**v.**                                             **Case No.: 8:16-cv-3067-T-36AAS**

**CITY OF WINTER HAVEN, et al.,**

   **Defendants.**
_____/

## ORDER

This matter comes before the Court on: Plaintiff's Amended Motion to Compel Answers to Interrogatories from Defendant, Kristina Wood (Doc. 92); Amended Motion to Compel Answers to Interrogatories from Defendant, Walmart (Doc. 93); Amended Motion to Compel Responses and to Compel Production from Defendant, Kristina Wood (Doc. 94); and Amended Motion to Compel Responses and to Compel Production from Defendant, Walmart (Doc. 95).

## I.     BACKGROUND

On March 7, 2017, pro se Plaintiff Darrell Archer filed his First Amended Complaint against Defendants City of Winter Haven, Winter Haven Police Department, Wal-Mart Stores East, LP, Sgt. Dan Gaskin, Sgt. Ken Nicols, Sgt. Brad Webster, Edward Camp, Charles Caraway, and Kristine Wood.[1]  (Doc. 32).  Plaintiff alleges that on November 26, 2015, he purchased a television at a Walmart store and, as he was leaving the store, a Walmart employee requested to see a receipt for the purchase.  (*Id.* at p. 3).  Plaintiff refused to produce the receipt.  (*Id.*).  Plaintiff alleges that Defendants subsequently prevented him from leaving the store for 10 to 15 minutes,

_____

[1] Defendant Kristina Wood is employed as a supervisor at Walmart.  (Doc. 32, p. 9).

threatened him with theft charges, and told him to leave without his television and not to come back or else would be charged with trespass. (*Id.* at pp. 3-4).

On September 25, 2017, Plaintiff filed the instant four amended motions to compel, seeking the production of documents and interrogatory answers from Defendants Wood and Walmart.[2] (Docs. 92, 93, 94, 95). On October 6, 2017, Defendants filed responses in opposition to Plaintiff's amended motions. (Docs. 98, 99). Accordingly, this matter is ripe for review.

## II.    ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides, in relevant part, that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Here, Plaintiff seeks to compel better responses to Interrogatories to Defendant Walmart Nos. 5-11, 15, and 16, Interrogatories to Defendant Wood Nos. 3-9, and 12-15, Request for Production of Documents to Defendant Walmart Nos. 1, 2, 4, 5, 10, 11, 14, 15, 17, and 18, and

---

[2] The motions to compel were amended only as to format. However, the amended motions did not attach the discovery requests and responses at issue. Therefore, when citing to specific requests and responses, the Court refers to those filed at Docs. 82-1, 83-1, 84-1, and 85-1.

Request for Production of Documents to Defendant Wood Nos. 2-7, 9, 10, and 14-21.[3]

Defendants stated the boilerplate objections of vague, overbroad, seeks information protected by attorney client or work product privileges, and not reasonably calculated to lead to the discovery of admissible evidence and often a combination of these boilerplate objections. (Docs. 82-1, 83-1, 84-1, 85-1). As made clear by the 2015 amendments to the Federal Rules of Civil Procedure, the use of boilerplate objections is improper. *See* Fed. R. Civ. P. 34. Federal Rule of Civil Procedure 34(b)(2)(B) now requires that the responding party "state with specificity the grounds for objection to the request, including the reasons." Further, in addition to being boilerplate, Defendants' objections that the requested documents are "not reasonably calculated to lead to the discovery of admissible evidence" are a restatement of the former language from Rule 26(b)(1). That language was removed when Rule 26 was amended in 2015. In light of the foregoing, Defendants' boilerplate objections are overruled, and the Court will address the other objections raised, if any.

In addition, some of Defendants' responses include the phrase "without waiving [its objections]." Responding to discovery "subject to," or "notwithstanding" objections "preserves nothing and wastes the time and resources of the parties and the court." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14–cv–749–ORL–41, at *4 (M.D. Fla. Mar. 31, 2015) (quoting *Martin v. Zale Del., Inc.*, No. 8:08–cv–47–T–27EAJ, 2008 WL 5255555, *2 (M.D. Fla. Dec. 15, 2008)).

Further, the Court's handbook titled Middle District Discovery (2015) ("Discovery Handbook") provides guidance for interpreting requests for production and interrogatories. The

---

[3] A number of these document requests were not correctly numbered in the parties' briefs. The Court will refer to the numbering used in the filed requests and responses at issue. (Docs. 82-1, 83-1, 84-1, 85-1).

Discovery Handbook instructs that "[a]n attorney receiving a request for documents or a subpoena duces tecum shall reasonably and naturally interpret it, recognizing that the attorney serving it generally does not have specific knowledge of the documents sought[.]" Discovery Handbook at 11. "Interrogatories should be interpreted reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import." *Id.* at 16. Here, a pro se litigant propounded the interrogatories and document requests to Defendants. Many of Defendant's objections (and the resulting motion practice) could have been avoided if Defendants simply heeded the Discovery Handbook's guidance.

### A.    Interrogatories to Defendant Walmart

**Interrogatory No. 5:** Based upon any investigation conducted by Walmart or known to Walmart personnel, who made the initial stop of the plaintiff at Walmart during any time of the incident?

> ***Response:***    Objection, this interrogatory is vague, overbroad, potentially seeks information protected by the attorney client or work product privileges and is not reasonably calculated to lead to admissible evidence. The interrogatory is also vague as to the term "stop" and assumes that plaintiff was stopped.

(Doc. 84-1, p. 5). Defendant Walmart argues that this interrogatory is vague because Plaintiff was never stopped but, instead, was asked to show his purchase receipt. (Doc. 98, pp. 2-3). In addition, Defendant contends that it is unclear what Plaintiff is referencing by the term "investigation," and that the interrogatory is not limited in time. (*Id.*). To cure the alleged vagueness of the interrogatory, the phrase "made the initial stop" shall be replaced with "requested the purchase receipt." The term investigation is not vague,[4] and the interrogatory is clearly referring to the time

---

[4] To investigate is to "inquire into (a matter) systemically" or "make an official inquiry." Black's Law Dictionary (Bryan A. Garner ed., 10th ed. 2009).

period of the subject incident on November 26, 2015, to the present. Defendant Walmart shall

provide an amended response to this interrogatory no later than **November 28, 2017**.

> **Interrogatory No. 6:** How and for what purpose were any police officers called upon to assist in the stop or further processing or confrontation with the plaintiff?
>
> ***Response:*** Objection, this interrogatory is vague as to the terms "stop", "further processing" and "confrontation", and assumes that there was any "stop", "processing" and/or "confrontation" with plaintiff. However, without waiving the foregoing, officers of the Winter Haven Police Department were in the store on the day of the incident and believed to be acting within the policies and procedures of their department. Questions regarding how and why any of these officers had any conversations with plaintiff is better directed at those officers.

(Doc. 84-1, p. 5). This answer is not responsive. To cure the alleged vagueness of the

interrogatory, the term "stop" shall be replaced with "request for the purchase receipt." The terms

processing and confrontation are not vague.[5] Defendant Walmart shall provide an amended

response to this interrogatory no later than **November 28, 2017**.

> **Interrogatory No. 7:** What was the purpose of the initial stop of the plaintiff at Walmart at the time of the incident and what was the legal authority or basis for such stop?
>
> ***Response:*** Objection, this interrogatory is vague as to the phrase "initial stop" and assumes there was a "stop." Without waiving the foregoing, plaintiff was asked to produce a copy of the receipt for the television in his possession and plaintiff refused to provide this receipt. Further, Walmart and its employees complied with Fla. Stat. § 812.015(3).

(*Id.*). This response sufficiently answers the question posed. Therefore, Plaintiff's motion to

compel as to this interrogatory is denied.

> **Interrogatory No. 8:** Please describe the basis, whether it be pursuant to some statute, ordinance, regulation or other legal authority, or pursuant to some other unwritten authority or custom, that justifies or authorizes Walmart or police officers to stop the plaintiff in this case for the purpose of requesting to see his receipt of purchase at Walmart in connection with this incident.

---

[5] Confrontation is defined as "[a] face-to-face disagreement between two people or groups." Black's Law Dictionary (Bryan A. Garner ed., 10th ed. 2009).

>> ***Response:*** Objection, this interrogatory is vague and overbroad, and specifically is overbroad as to the phrase "stop." Further, this interrogatory assumes there was a "stop." Without waiving the foregoing, Walmart and its employees complied with Fla. Stat. § 812.015(3).

(*Id.* at pp. 5-6). This response sufficiently answers the question posed. Therefore, Plaintiff's motion to compel as to this interrogatory is denied.

> **Interrogatory No. 9:** Please describe in detail the investigation conducted by Walmart employees to determine the lawfulness or unlawfulness of the plaintiff's possession of the television found in his possession at the time of the stop before any decision or determination was made to take the television from the plaintiff.

>> ***Response:*** Objection, this interrogatory is vague, overbroad, and assumes that there was a "stop" or that this defendant made a "decision" or "determination" to "take the television from the plaintiff." Without waiving the foregoing, plaintiff was asked to produce a copy of the receipt for the television in his possession and plaintiff refused to provide this receipt.

(*Id.* at p. 6). This response sufficiently answers the question posed. Therefore, the motion to compel as to this interrogatory is denied.

> **Interrogatory No. 10:** Did the police officers conduct any independent investigation to determine if the plaintiff had in fact purchased the television in his possession before it was taken from him at the time of the incident? And if so, please detail such investigation.

>> ***Response:*** Objection, this interrogatory is vague, overbroad, potentially seeks information protected by the attorney client and/or work product privileges, and is not reasonably calculated to lead the discovery of admissible evidence. Without waiving the foregoing, this defendant is not affiliated with the Winter Haven Police Department and any information regarding any "investigation" conducted by the Winter Haven Police Department is not in the possession of this defendant.

(*Id.*). This response sufficiently answers the question posed. Therefore, Plaintiff's motion to compel as to this interrogatory is denied.

> **Interrogatory No. 11:** Was the television in the possession of the plaintiff at the time he was stopped attempting to leave Walmart determined to be lawfully possessed by plaintiff or unlawfully possessed by plaintiff at the time it was taken from him at Walmart?

> **Response:** Objection, this interrogatory is vague, assumes plaintiff was "stopped", and further assumes that defendant took a television from him. Without waiving the foregoing, plaintiff was asked to produce a copy of the receipt for the television in his possession and plaintiff refused to produce this receipt.

(*Id.*). This answer is not responsive, and does not answer the question posed. To cure the alleged vagueness of the interrogatory, the term "stopped" shall be replaced with the phrase "asked for his receipt." Defendant Walmart shall provide an amended response to this interrogatory no later than **November 28, 2017**.

> **Interrogatory No. 15:** Please state in detail the store policy of Walmart and the Walmart store where the incident took place that incorporates the concept that Walmart customers should be stopped or otherwise asked to display their receipt of purchase as they complete their checkout or otherwise begin to exit the Walmart store. Please include the description of the manner in which Walmart employees are instructed to make such stop or inquiry and what direction or instructions Walmart employees are given when such customer fails or refuses to show or display their receipt.

> **Response:** Objection, this request [sic] is vague, over broad, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request [sic] is vague as to the term "stopped." Without waiving the foregoing, policies and procedure believed to be responsive to this request [sic] will be forwarded to counsel upon the entering of a joint stipulation as to confidentiality of documents produced via discovery.

(*Id.* at pp. 7-8). This answer is not responsive. This interrogatory is not vague as it specifically states, "stopped *or otherwise asked to display their receipt of purchase*." (*Id.* at p. 7) (emphasis added). In addition, Defendant Walmart cannot condition its duty to participate in discovery on Plaintiff executing a confidentiality agreement. If Defendant Walmart believes certain discovery is subject to special protection, it may move the Court for entry of a protective order upon making the appropriate showing under Federal Rules of Civil Procedure 26.[6] To date, no such order has

---

[6] The Court reminds the parties that they are encouraged to reach their own agreement as to confidentiality, without the need for judicial involvement. As stated in the Case Management and Scheduling Order:

been entered.  Further, the Court notes that the response states that documents will be "forwarded

to counsel" upon entering a joint stipulation as to confidentiality.  Under the circumstances, this is

nonsensical to the extent that the "counsel" referenced is Plaintiff's counsel because Plaintiff is

currently proceeding pro se.  Therefore, Defendant Walmart shall provide an amended response to

this interrogatory no later than **November 28, 2017**.

> **Interrogatory No. 16:** What instructions or directions are Walmart employees given as to the manner and circumstances of detaining customers who refuse or fail to show their receipt of purchase and what, if any, investigation does Walmart expect or instruct their employees to conduct at such times?

> *Response:*  Objection, this interrogatory is vague, overbroad, and not reasonably calculated to lead the discovery of admissible evidence.  Further, the request [sic] is vague as to the term "detaining."  Without waiving the foregoing, policies and procedure believed to be responsive to this request [sic] will be forwarded to counsel upon the entering of a joint stipulation as to confidentiality of documents produced via discovery.

(Doc. 84-1, p. 8).  This answer is not responsive.  The term "detaining" is not vague.[7]  In addition,

as stated above, Defendant Walmart cannot condition its duty to participate in discovery on

Plaintiff executing a confidentiality agreement.  If Defendant Walmart believes certain discovery

is subject to special protection, it may move the Court for entry of a protective order upon making

---

> The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce stipulated and signed confidentiality agreements. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

(Doc. 65, p. 4).

[7] Detention is defined as "[a]n act or instance of holding a person in custody; confinement or compulsory delay."  Black's Law Dictionary (Bryan A. Garner ed., 10th ed. 2009).

the appropriate showing. Again, the Court notes that the response states that documents will be "forwarded to counsel" upon entering a joint stipulation as to confidentiality. Under the circumstances, this is nonsensical to the extent that the "counsel" referenced is Plaintiff's counsel because Plaintiff is proceeding pro se. Defendant Walmart shall provide an amended response to this interrogatory no later than **November 28, 2017**.

**B.     Interrogatories to Defendant Wood**

**Interrogatory No. 3:** Was the initial stop of the plaintiff at Walmart during any time of the incident in this case made by one or more police officer or Walmart store employees and identify the individual or individuals make such initial stop.

*Response:*     Objection, this interrogatory is vague, overbroad, and not reasonably calculated to lead to admissible evidence. The interrogatory is also vague as to the term/phrase "initial stop" and assumes that plaintiff was stopped.

**Interrogatory No. 4:** If the initial stop of the plaintiff at the time of the incident was not by a police officer, how and for what purpose were any police officers called upon to assist in the stop or further processing or confrontation with the plaintiff.

*Response:*     Objection, this interrogatory is vague, overbroad, calls for speculation, and is not reasonably calculated to lead to admissible evidence. The interrogatory is also vague as to the terms/phrases "initial stop", "processing", "confrontation", and assumes that plaintiff was stopped.

**Interrogatory No. 5:** To the best of your knowledge whether based on personal observation or conversations learned after the fact, who stopped the plaintiff as he was departing Walmart with a television and what was the purpose of this initial stop?

*Response:*     Objection, this interrogatory is vague, overbroad, calls for speculation, and is not reasonably calculated to lead to admissible evidence. The interrogatory is also vague as to the term/phrase "stopped", and assumes that plaintiff was stopped.

(Doc. 82-1, pp. 4-5). In response to Interrogatory Nos. 3-5, Defendant Wood provides the same objection to the use of the word "stop," in that Plaintiff was not stopped but asked to provide his purchase receipt. (Doc. 98, pp. 7-8). Throughout these interrogatories, Defendant Wood shall substitute the action of "stop" with "requesting the purchase receipt." All other objections raised as to Interrogatory Nos. 3-5, are overruled. Defendant Wood shall provide amended responses to these interrogatories no later than **November 28, 2017**.

> **Interrogatory No. 6:** What was the authority or basis for the initial stop of the plaintiff at the time of the incident, including any legal basis or some other custom or store policy of Walmart?

> ***Response:*** Objection, this interrogatory is vague, overbroad, calls for speculation and is not reasonably calculated to lead to admissible evidence. The interrogatory is also vague as to the term/phrase "initial stop." Without waiving the foregoing, plaintiff was asked to produce a copy of the receipt for the television in his possession and he refused to do so. Further, Walmart and its employees complied with Fla. Stat. § 812.015(3).

(Doc. 82-1, p. 5). This response sufficiently answers the question posed. Therefore, Plaintiff's motion to compel as to this interrogatory is denied.

> **Interrogatory No. 7:** After you or any other police officer arrived at the scene where the plaintiff was stopped or after the stopping of the plaintiff, please describe in detail the investigation that you or any other Walmart employee or police officer conducted as to the lawfulness or unlawfulness of the plaintiff's possession of the television found in his possession at that time before any decision or determination was made to take the television from the plaintiff, including the identity of the employee or officer or individual conducting such investigation.

> ***Response:*** Objection, this interrogatory is vague, overbroad, calls for speculation, and is not reasonably calculated to lead to admissible evidence. Further, this defendant is not a police officer. In addition, the interrogatory is vague as to the term "stopped", assumes that there was a "stop", and assumes that this defendant was involved in the "decision or determination" to take the television. Without waiving the foregoing, plaintiff was asked to produce a copy of the receipt for the television in his possession and plaintiff refused to

provide this receipt.

(*Id.*).  In response to Interrogatory No. 7, Defendant Wood objects to the use of the word "stop,"

in that Plaintiff was not stopped but asked to provide his purchase receipt.  (Doc. 98, p. 9).  In

addition, Defendant Wood contends the interrogatory is vague because she is not a police officers

and that it improperly assumes she was involved in taking the television from Plaintiff.  (*Id.*).

Defendant Wood shall substitute the action of "stop" with "requesting the purchase receipt."  All

other objections raised as to Interrogatory No. 7, are overruled as the interrogatory does not

indicate that Defendant Wood is a police officer or that she personally took the television from

Plaintiff.  Defendant Wood shall provide amended responses to this interrogatory no later than

**November 28, 2017**.

> **Interrogatory No. 8:** Did you or anyone to your knowledge conduct any investigation to
> determine if the plaintiff had in fact purchased the television in his possession before it was
> taken from him at the time of the incident? And if so, please detail such investigation and
> the result.
>
> ***Response:***        Objection, this interrogatory is vague, overbroad, calls for speculation, and
>                    is not reasonably calculated to lead to admissible evidence.  In addition, the
>                    interrogatory assumes that this defendant was involved in the decision to
>                    take the television.  Without waiving the foregoing, plaintiff was asked to
>                    produce a copy of the receipt for the television in his possession and plaintiff
>                    refused to provide this receipt.

(Doc. 82-1, pp. 5-6).  This response sufficiently answers the question posed.  Therefore, Plaintiff's

motion to compel as to this interrogatory is denied.

> **Interrogatory No. 9:** Was the television in the possession of the plaintiff at the time he
> was stopped leaving Walmart determined to be lawfully possessed by plaintiff or
> unlawfully possessed by plaintiff at the time it was taken from him at Walmart and what is
> that determination based on?
>
> ***Response:***        Objection, this interrogatory is vague, overbroad, and assumes that this
>                    defendant was involved in the decision to take the television.  Without
>                    waiving the foregoing, plaintiff was asked to produce a copy of the receipt

11

for the television in his possession and plaintiff refused to provide this receipt.

(*Id.* at p. 6). This answer is not responsive, and does not answer the question posed. To cure the alleged vagueness of the interrogatory, the term "stopped" shall be replaced with the phrase "asked for his receipt." Defendant Wood shall provide an amended response to this interrogatory no later than **November 28, 2017**.

> **Interrogatory No. 12:** Please state in detail the conversation had by you or anyone else and the plaintiff at any time during the incident including statements made by the officers to the plaintiff and the plaintiff's responses or statements to the officers.
>
> *Response:*    Objection, this interrogatory is vague, overbroad, calls for speculation, and is not reasonably calculated to lead to admissible evidence. Further, this Defendant has no affiliation with the Winter Haven Police Department and cannot respond on behalf of that department or its officers. Without waiving the foregoing, plaintiff was asked to produce a copy of the receipt for the television in his possession and plaintiff refused to provide this receipt.

(*Id.* at pp. 6-7). This answer is not responsive and Defendant Wood's boilerplate objections are overruled. Defendant Wood shall provide an amended response to this interrogatory no later than **November 28, 2017**.

> **Interrogatory No. 13:** Please state in detail the conversations had by and between you and anyone else at the time of the incident whether in the presence of the plaintiff or not, identifying individuals involved in the conversation.
>
> *Response:*    Objection, this request [sic] is vague and overbroad as to time and scope and is not reasonably calculated to lead to the discovery of admissible evidence.

(*Id.* at p. 7). As drafted, this interrogatory is overbroad. Thus, it will be limited to only those conversations relating to the subject incident. Defendant Wood shall provide an amended response to this interrogatory no later than **November 28, 2017**.

> **Interrogatory No. 14:** By whom was the plaintiff escorted out of the Walmart store and why and under what legal authority?

> **Response:** Objection, this request [sic] is vague, over broad, calls for speculation, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request [sic] is vague as to the term "escorted."

(*Id.*). This answer is not responsive and Defendant Wood's boilerplate objections are overruled.

Defendant Wood shall provide an amended response to this interrogatory no later than **November 28, 2017**.

> **Interrogatory No. 15:** What was the factual basis upon which you or any other Walmart employee or police officer determined that the television in the possession of the plaintiff at the time of the incident should be taken from plaintiff and not returned to him when he was escorted off of the premises of Walmart?
>
> **Response:** Objection, this interrogatory is vague, overbroad, calls for speculation, and is not reasonably calculated to lead to admissible evidence. Further, this defendant is not a police officer. In addition, the interrogatory is vague as to the phrase "escorted off the premises", and assumes this defendant or any Walmart employee was involved in the decision to take the television. Without waiving the foregoing, plaintiff was asked to produce a copy of the receipt for the television in his possession and plaintiff refused to provide this receipt.

(*Id.*). This response sufficiently answers the question posed. Therefore, the motion to compel as to this interrogatory is denied.

## C. Requests for Production of Documents to Defendants Walmart and Wood

**Request for Production No. 1 to Defendant Walmart:** Any and all photographs, videotapes, and/or audiotapes of the incident or the scene of the incident in this case.

> **Response:** Objection, this request is vague, over broad, and not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing, attached please find a disc containing a copy of video believed to be responsive to this request.

(Doc. 85-1, p. 2). Although Defendant Walmart states that it has provided a video, it does not address if any other photographs or audios of the subject incident are available and in its possession. If these items exist, they shall be produced to Plaintiff no later than **November 28,**

13

**2017**.  Otherwise, Defendant Walmart shall state that it does not possess the items requested.

> **Request for Production No. 2 to Defendants Walmart and Wood:** Any and all statements of witnesses to the incident which is the subject matter of this case.

> ***Responses:***    Objection, this Request is vague, overbroad, seeks information protected by attorney client and or work product privileges, and is not reasonably calculated to lead to admissible evidence.  Without waiving the foregoing, please see Defendant's privilege log.

(Doc. 83-1, p. 3; Doc. 85-1, p. 3).  To the extent that any witness statements are protected by privilege, those statements should be adequately documented in a privilege log, including the grounds for withholding them.  According to Plaintiff, Defendants' privilege logs list two written statements and provide no further information.  (Doc. 94, p. 5; Doc. 95, p. 5).  This format does not comply with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 16(b)(5)(A).  If Defendants have not provided Plaintiff with responses to these requests, or an appropriate privilege log, they shall be provided no later than **November 28, 2017**.

> **Request for Production No. 3 to Defendants Wood and Walmart:**[8] A copy of any statute, ordinance, regulation, policy or procedure you claim supported or otherwise authorized the conduct of the Winter Haven Police Department, the officer of the Winter Haven Police Department, or the employees of Walmart in stopping plaintiff in or around the Walmart store in connection with the incident.

> ***Response:***    Objection, this request is vague, over broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Further, this defendant is not affiliated with the Winter Haven Police Department and cannot respond on its behalf.  In addition, this request assumes that any employee of Walmart "stopped" Plaintiff.  Without waiving the foregoing, Walmart and its employees complied with Fla. Stat. § 812.015(3).

(Doc. 83-1, p. 3; Doc. 85-1, p. 3).  Defendants' boilerplate objections are overruled.  Although a Florida statute is cited in the answer, Defendants do not mention providing a copy as requested.

---

[8] Although this request is addressed in the briefs as Request for Production No. 4, it is actually Request for Production No. 3.  (Doc. 95, p. 7; Doc. 99, pp. 4-5).

Defendants shall provide complete responses to these requests no later than **November 28, 2017**.

> **Request for Production No. 4 to Defendant Wood:** A copy of any statute, ordinance, regulation, policy or procedure you claim supports or otherwise authorizes the conduct of the Winter Haven Police Department, the officers of the Winter Haven Police Department, or the employees of Walmart in taking the television from plaintiff at any time during the incident.
>
> *Response:*    Objection, this request is vague, over broad, and not reasonably calculated to lead to the discovery of admissible evidence. Further, this defendant is not affiliated with the Winter Haven Police Department and cannot respond on its behalf. In addition, this request assumes that any employee of Walmart took a television from Plaintiff. Without waiving the foregoing, Walmart and its employees complied with Fla. Stat. § 812.015(3).

(Doc. 83-1, p. 3). Defendant Wood's boilerplate objections are overruled. Although a Florida statute is cited in the answer, Defendant Wood does not mention providing a copy as requested.

Defendant Wood shall provide complete response to this request no later than **November 28, 2017**.

> **Request for Production No. 5 to Defendant Wood, No. 4 to Defendant Walmart:**[9] Any and all records, reports, statements, or other documentation from or prepared by or on behalf of Defendant, [WOOD] [WALMART], concerning the incident described in the Complaint.
>
> *Response:*    Objection, this Request is vague, overbroad, seeks information protected by the attorney client and or work product privileges, and is not reasonably calculated to lead to admissible evidence. Without waiving the foregoing, please see Defendant's privilege log.

(Doc. 83-1, p. 3; Doc. 85-1, p. 3). While all responsive documents may be subject to attorney client or work product privileges, neither party has submitted a privilege log for the Court's review. Defendants' boilerplate objections are overruled, and these requests seek relevant documents that are proportional to the needs of the case. Thus, if Defendants have not provided Plaintiff with responses to these requests, or an appropriate privilege log in compliance with Federal Rule of

---

[9] Although this request is addressed in the briefs as Request for Production No. 5 to Defendant Walmart, it is actually Request for Production No. 4. (Doc. 95, pp. 7-8; Doc. 99, pp. 5-6).

Civil Procedure 26(b)(5)(A), they shall do so no later than **November 28, 2017**.

> **Request for Production No. 6 to Defendant Wood:** Any and all documents, records, statements, policy directives or procedures establishing or setting out any policy (formal or otherwise), agreement or understanding in effect on the day of this incident regarding the conduct or authority of police officers in regards to working any detail, or on or off duty job, at the Walmart Store when the incident occurred.
>
> > *Response:*  Objection, this Request is vague, overbroad, and not reasonably calculated to lead to admissible evidence.  Without waiving the foregoing, Walmart requested and paid for officers of the Winter Haven Police Department to be in the store at the time of the incident, and upon reason and belief, these officers were acting within the scope of the policies of their department.
>
> **Request for Production No. 7 to Defendant Wood:** Any and all documents, records, statements, policy directives or procedures establishing or setting out any policy (formal or otherwise), agreement or understanding in effect on the day of this incident between Walmart and/or the Walmart store where the incident occurred and the Winter Haven Police Department or any police officer regarding the conduct or authority of police officers in regards to working any detail, or on or off duty job, on the premises of Walmart.
>
> > *Response:*  Objection, this Request is vague, overbroad, and not reasonably calculated to lead to admissible evidence.  Without waiving the foregoing, Walmart requested and paid for officers of the Winter Haven Police Department to be in the store at the time of the incident, and upon reason and belief, these officers were acting within the scope of the policies of their department.

(Doc. 83-1, pp. 3-4).  As drafted, these requests are overbroad and could include a large amount of documents that are not relevant or proportional to the issues in this case.  In addition, Defendant Wood likely does not possess all policies and procedures applicable to the officers employed by the Winter Haven Police Department.  Therefore, the requests will be narrowed to include only those policies and procedures pertaining to the officers' detail at Walmart on the day of the subject incident.  To the extent Defendant Wood is in possession of these documents, they should be provided no later than **November 28, 2017**.  If Defendant Wood is not in possession of these documents, she must say so.

**Request for Production No. 9 to Defendant Wood, No. 10 to Defendant Walmart:** Any and all documents, records or reports prepared by any employee or representative of Walmart in connection with this incident.

> ***Response:***     Objection, this request is vague, over broad, seeks information protected by the attorney client and work product privileges, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing, please see Defendant's privilege log.

**Request for Production No. 10 to Defendant Wood, No. 11 to Defendant Walmart:** Any and all documents, records or reports prepared by any employee of Walmart [, including yourself,] regarding the taking of the plaintiff's television and the current status or disposition of the plaintiff's television taken from him at the Walmart store at the time of the incident.

> ***Response:***     Objection, this request is vague, over broad, potentially seeks information protected by the attorney client and work product privileges, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request assumes that any employee of Walmart [, including this Defendant,] was involved in taking the television from plaintiff. Without waiving the foregoing, please see Defendant's privilege log. In addition, as Plaintiff has previously been advised, the television is at the store where the alleged incident occurred.

(Doc. 83-1, pp. 3-5, Doc. 85-1, pp. 4-5). These answers are not responsive and Defendants' boilerplate objections are overruled. If no responsive documents exit, Defendants must say so. If documents exist but Defendants claim the documents are privileged, then Defendants must provide Plaintiff with appropriate privilege logs in compliance with Federal Rule of Civil Procedure 26(b)(5)(A). Otherwise, Defendants must produce responsive documents no later than **November 28, 2017**.

**Request for Production No. 14 to Defendant Walmart:** Copies of any written policy, procedure or memorandum of any kind whatsoever that sets forth the policy or procedure in effect on the day of the incident that any Walmart employees are to follow regarding the checking or verifying of customers' receipts or other proof of purchase as customers depart or prepare or attempt to depart the store premises. [Included in this request is anything in writing that notifies or otherwise informs Walmart employees of any duty, requirement or suggestion to ask customers to see a copy of their receipt of purchase as they leave or depart the store premises].

> **Response:** Objection, this Request is vague, overbroad, potentially seeks confidential and proprietary information, and is not reasonably calculated to lead to admissible evidence. Without waiving the foregoing, policies and procedures believed to be responsive to this request will be forwarded to counsel upon the entering of a joint stipulation as to confidentiality of documents produced via discovery.

(Doc. 85-1, pp. 5-6). As stated above, Defendant Walmart cannot condition its duty to participate in discovery on Plaintiff executing a confidentiality agreement. If Defendant Walmart believes certain discovery is subject to special protection, it may move the Court for entry of a protective order upon making the appropriate showing. Defendant Walmart shall provide an amended response to this request no later than **November 28, 2017**.

> **Request for Production No. 14 to Defendant Wood, No. 15 to Defendant Walmart:** Copy of the Walmart policy and procedures manual, regardless of whatever name or designation such manual is formally titled, which sets out the policies and procedures for store employees, including store management that was in effect on the day of the incident. [This request includes the manual that is given to store employees and management personnel to notify and familiarize them with the store policies and procedures they are expected to follow during the term of their employment]

> **Response:** Objection, this Request is vague, overbroad, potentially seeks confidential and proprietary information, and is not reasonably calculated to lead to admissible evidence. Further, while the store has policies and procedures, there is no "manual" as described in Plaintiff's request. [Without waiving the foregoing, none in the possession of this Defendant.]

(Doc. 83-1, pp. 5-6, Doc. 85-1, p. 6). Defendants respond that no "manual" exists, as described. (Doc. 99, p. 10). In addition, a manual covering all "policies and procedures" for store employees on the day of the subject incident is overbroad. The Court is satisfied with Defendants' responses and Plaintiff's motion to compel as to these requests is denied.

> **Request for Production No. 15 to Defendant Wood:** Copy of any document or other thing in writing that sets forth any authority or other direction or suggestion in effect on the day of the incident that store employees are to stop customers as they depart the store premises of Walmart to request a receipt of purchase

> ***Response:*** Objection, this request is vague, over broad, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request assumes that any Walmart employee "stopped" plaintiff or any other customer. Without waiving the foregoing, Walmart and its employees complied with Fla. Stat. § 812.015(3).

> **Request for Production No. 16 to Defendant Wood, No. 17 to Defendant Walmart:** Copy of any document or other thing in writing that sets forth any authority or other direction or suggestion in effect on the day of the incident that advises or authorizes store employees to take the property of customers who are unable or unwilling to display or show a receipt of purchase of such property.

> ***Response:*** Objection, this request is vague, over broad, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request assumes that any Walmart employee took the property of plaintiff or any other customer. Without waiving the foregoing, Walmart and its employees complied with Fla. Stat. § 812.015(3).

(Doc. 83-1, p. 6, Doc. 85-1, pp. 6-7). This answer is not responsive and Defendant's boilerplate objections are overruled. If no responsive documents exits, Defendant must say so. In addition, if the cited Florida statute is the sole responsive document, Defendant must explicitly say so and provide a copy as requested. Defendants shall provide amended responses no later than **November 28, 2017**.

> **Request for Production No. 17 to Defendant Wood, No. 18 to Walmart:** Copy of any document or other thing in writing that sets forth any agreement or understanding between defendant, WALMART, or its agents or employees and any defendant in this case other than Walmart employees, EDWARD CAMP, CHARLES CARAWAY and KRISTINE WOOD entered into or prepared within five (5) years prior to the date of the incident or prepared or entered into after the day of the incident.

> ***Response:*** Objection, this request is vague and over broad as to time and scope of the subject matter requested, and is not reasonably calculated to lead to the discovery of admissible evidence.

(Doc. 83-1, p. 6, Doc. 85-1, p. 7). These requests are overbroad as they potentially seeks a large amount of documents that are not relevant and proportional to this action. Because these requests

broadly seek documents not proportional to the needs of this case, Plaintiff's motion to compel is

denied as to these requests.

**Request for Production No. 18 to Defendant Wood:** Copy of any document or other thing in writing that sets forth anything supporting or otherwise authorizing your conduct in stopping the plaintiff or participating in the stopping of the plaintiff in or at the Wal-Mart store at the time of the incident.

*Response:*    Objection, this request is vague, over broad, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request assumes that this Defendant or any employee "stopped" plaintiff. Without waiving the foregoing, Walmart and its employees complied with Fla. Stat. § 812.015(3).

**Request for Production No. 19 to Defendant Wood:** Copy of any document or other thing in writing that sets forth anything supporting or otherwise authorizing you or any other Walmart employee or police officer to take the television in plaintiff's possession at the time of the incident.

*Response***:**    Objection, this request is vague, over broad, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request assumes that this Defendant or any Walmart employee took a television from plaintiff. In addition, this Defendant is not affiliated with nay [sic] police agency and cannot respond on their behalf. Without waiving the foregoing, Walmart and its employees complied with Fla. Stat. § 812.015(3).

**Request for Production No. 20 to Defendant Wood:** Copy of any document or other thing in writing that sets forth anything supporting or otherwise authorizing you or any other Walmart employee to stop a Walmart customer and request a copy of any store receipt of purchase at any time whatsoever.

*Response***:**    Objection, this request is vague, over broad, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request assumes that this Defendant or any Walmart employee "stopped" plaintiff. Without waiving the foregoing, Walmart and its employees complied with Fla. Stat. § 812.015(3).

**Request for Production No. 21 to Defendant Wood:** Copy of any document or other thing in writing that sets forth anything supporting or otherwise authorizing you or any other Walmart employee to take property in the possession of a Walmart customer from such customer.

**Response:** Objection, this request is vague, over broad, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request assumes that this Defendant or any Walmart employee took property from plaintiff. Without waiving the foregoing, Walmart and its employees complied with Fla. Stat. § 812.015(3).

(Doc. 83-1, pp. 6-7). In these requests, Plaintiff repetitively seeks all policies and procedures relating to Walmart and the City of Winter Haven Police Department's authority to request a customer's purchase receipt and the consequences of failing to provide said receipt. If the cited Florida statute is the sole responsive document, Defendant Wood must explicitly say so and provide a copy of the document as requested. To the extent other responsive documents exist, they must also be provided no later than **November 21, 2017**. In all other respects, Plaintiff's Motion to Compel as to Request for Production Nos. 18-21 to Defendant Wood, is denied.

## III.    CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Amended Motion to Compel Answers to Interrogatories from Defendant, Kristina Wood (Doc. 92), Amended Motion to Compel Answers to Interrogatories from Defendant, Walmart (Doc. 93), Amended Motion to Compel Responses and to Compel Production from Defendant, Kristina Wood (Doc. 94), and Amended Motion to Compel Responses and to Compel Production from Defendant, Walmart (Doc. 95) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

**DONE AND ORDERED** in Tampa, Florida on this 7th day of November, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc: Pro se Plaintiff