UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRELL ARCHER,

    Plaintiff,

v.     Case No.: 8:16-cv-3067-T-60AAS

WALMART STORES EAST, LP, et al.

    Defendants.
_____/

## ORDER

Darrell Archer requests an order compelling Walmart-Stores East, LP, ("Walmart") to answer an interrogatory seeking the identity and contact information of Walmart's corporate vice president in charge of asset protection. (Doc. 172). Walmart moves for a protective order as to this same interrogatory. (Doc. 171). Both motions are opposed. (Docs. 173, 177).

### I.  BACKGROUND

Mr. Archer brought this Fourth Amendment claim of unlawful detention and seizure of property pursuant to 42 U.S.C. § 1983. (Doc. 133). Mr. Archer alleges that, after he purchased a television at Walmart, an employee stopped him and requested to see a receipt for the purchase. (Doc. 133, ¶¶ 15-19). When Mr. Archer refused, three Winter Haven police officers responded to the incident and Mr. Archer was detained for a short period. (*Id.* at ¶¶ 20, 34-35, 39). Ultimately, Mr. Archer left the store without his television because he would not show his receipt. (*Id.* at ¶ 48).

1

Mr. Archer now seeks to compel a compete response to the following interrogatory:

> Interrogatory: Please identify the corporate vice president in charge of asset protection for the defendant, Walmart, providing their title, duties and corporate contact information or whether such contact should be made through counsel for defendant, Walmart.

Walmart objected to the interrogatory with the following:

> Answer: Defendant objects to this Interrogatory as it is vague, overbroad, and not reasonably calculated to lead to admissible evidence. Plaintiff's Interrogatory does not specify a time frame to which it is referring, and is not limited in time in any way. Further, Plaintiff previously requested and conducted the deposition of a corporate representative of Defendant regarding the role of asset protection associates relevant to the facts of this case. There is no "corporate vice president" of Defendant who was present during the incident alleged in this case, and no "corporate vice president" of Defendant has any independent knowledge of the facts of this case. Accordingly, this Interrogatory appears to be a fishing expedition that is not reasonably calculated to lead to admissible evidence, and appears to be designed to annoy and harass Defendant. Without waiving the foregoing, the asset protection manager at the store on the day of the incident was John Phillips. Mr. Phillips can be contacted through counsel for Defendant.

(Doc. 172). Walmart objects to the motion and moves for a protective order as to the same request. (Doc. 171).

## II. ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides, in relevant part, that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

2

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The "Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). However, under Rule 26(c), any person from whom discovery is requested may move for a protective order. Fed. R. Civ. P. 26(c). For good cause, the court may enter a protective order to protect a party from embarrassment, oppression, or undue burden. *Id.* To establish good cause, the party requesting protection must demonstrate the need for a protective order, which requires "particular and specific demonstration of fact." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (citations omitted).

The interrogatory at issue simply seeks the identity and contact information of Walmart's corporate vice president in charge of asset protection. This information is relevant to Mr. Archer's claim that Walmart employees failed to follow Walmart's policy as it pertains to "receipt checking," and his claim for unlawful detention. Certainly, the corporate vice president in charge of asset protection would have knowledge of Walmart's "receipt checking"-related policies and their implementation. Because this information is relevant and easily attainable, it is due to be compelled.

3

However, because the only issue before the court is this interrogatory, this order should not be interpreted as compelling the deposition of the named individual(s).

In support of Walmart's motion for protective order, Walmart relies on precedent pertaining to depositions of corporate officials, not interrogatories requesting public information about those corporate officials. Providing a response to this interrogatory would not subject anyone to embarrassment, oppression, or undue burden. Thus, good cause does not exist for entering a protective order at this time.

## III. CONCLUSION

Accordingly, it is **ORDERED:**

(1) Mr. Archer's Motion to Compel Answers to Interrogatory (Doc. 172) is **GRANTED** and limited in scope from the time of the subject incident to the present.

(2) Walmart's Motion for Protective Order (Doc. 171) is **DENIED**.

**ORDERED** in Tampa, Florida on this 6th day of August, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge